Bula E. Croker v. George M. Powell.

156 So. 146.
Opinion Filed July 9, 1934.
Petition for Rehearing Denied August 1, 1934.

734

*Milam, McIlvaine & Milam,* for Plaintiff in Error;

*John W. Dodge,* for Defendant in Error.

WHITFIELD, J.—The declaration herein filed March 2, 1931, alleges in effect that on September 3, 1929, "The * * * defendant, Bula E. Croker, by and through her duly

authorized * * * agent, G. L. Robinson, entered into nego-
tiations with the plaintiff for the employment of * * * the
plaintiff, as one of the associate counsel of the said de-
fendant * * * in two certain suits then pending, that is to
say: the case of Bula E. Croker v. Palm Beach Estates and
J. B. McDonald, then pending on appeal by the defendants
to the Supreme Court of Florida, and also a case brought
by the heirs of Richard Croker against the defendant, Bula
E. Croker and others, then pending in the United States
District Court for the Southern District of Florida * * * and
then and there the * * * defendant, by and through her said
agent, agreed to and with the * * * plaintiff to employ the
said plaintiff as such associate counsel, and did then and
there employ the said plaintiff as such associate counsel,
and thereupon requested the said plaintiff to write the said
agent of said defendant a letter setting forth the terms of
said employment; * * * that in accordance with the said
understanding, agreement and suggestion of the said de-
fendant, plaintiff did, on September 4th, 1929, in the City
of Jacksonville, Duval County, Florida, write and cause to
be sent by mail to the said G. L. Robinson, * * * the agent
of * * * the defendent, * * * a letter * * * as follows:

"September 4, 1929.

"Mr. G. L. Robinson,
"Post Office Box 1883,
"West Palm Beach, Florida.

"My dear Mr. Robinson:

"In accordance with our conversation of yesterday, I am
writing to you for transmission to Mrs. Bula Croker my
understanding of the terms of my employment in her cases.

"I understand that I am to receive immediately a cash
payment of Two Thousand Five Hundred Dollars ($2,-
500.00), and a one-year note for Two Thousand Five Hun-

dred Dollars ($2,500.00), which two items represent a retainer of Five Thousand Dollars ($5,000.00) to be paid me in these matters.

"In addition to. the foregoing, it is my understanding that upon a successful conclusion of the case of Bula E. Croker v. Palm Beach Estates and J. B. McDonald, now pending on appeal by defendants to the Supreme Court of Florida, and the Homestead case, being a case brought by the heirs of Richard Croker and now pending in the United States District Court for the Southern District of Florida, before Judge Ritter, I am to receive an additional sum of One Hundred Thousand Dollars ($100,000.00).

"It is further my understanding that in the event Mrs. Croker should desire to accept any offer of compromise made her prior to the conclusion of these cases, or either of them, that I am to accept such a proportion of the One Hundred Thousand Dollars ($100,000.00) as the settlement accepted by her bears to the whole property, or its value, whether the property in pursuance of the settlement be divided or a settlement made on the basis of value; that is to say—I am to make a proportionate deduction in the contingent item.

"It is further my understanding that in addition to the compensation I am to receive, my actual expenses are to be paid in addition to court costs and expenses.

"It is further my understanding that the service I am to render comprehends service in conjunction with the present counsel in perfecting a cross appeal by filing cross assignments of error and to render present counsel all practicable assistance in briefing and arguing the case before the Supreme Court; and also, in the event an adverse decision is handed down by Judge Ritter, to assist the present counsel in preparing the Homestead case for appeal to the Circuit

Court of Appeals; or, in the event of a favorable decision, to assist in the defense of the case before the Circuit Court of Appeals, and assistance in the supervision of the preparation of the record and briefs on such appeal.

"Upon receipt of this letter, will you please wire me, stating whether the terms are agreed to by Mrs. Croker or not, and if yes, will you kindly send me the check for the cash payment and the note?

"In this connection, I hand you herewith my bill for expenses to West Palm Beach and return on the trip just completed.

"Will you please also include this item in the check sent me, or in the event the terms as stated are not accepted, will you please send me a check for the amount of the expense account and the One Hundred ($100.00) per diem agreed upon, which I was to receive for yesterday's conference.

"In view of the fact that I find a few matters here which must be concluded before my going to West Palm Beach, if my stay there is going to be protracted, I have decided that it would be best for me to spend the remainder of the week here and get a fresh start on Monday morning, and in accordance with this idea, if the terms as suggested are accepted, I will leave here Sunday night and arrive in West Palm Beach on Monday morning.

"I have already perused a considerable portion of the brief for Mrs. Croker in the court below, and I have with me copies of the essential pleadings so that by the time I arrive in West Palm Beach on Monday, I can be pretty familiar with every phase of the case and will probably bring with me for submission to Mr. Paty a sketch of the proposed cross assignments of error.

"As above requested, will kindly wire me on receipt of this letter as to whether the arrangement is to be effective

or not, as, of course if it is not to be effective, I would desire to turn my attention to other matters in the office.

"Yours very truly,

GEORGE M. POWELL.

"GMP:RS"

That thereafter such agent wrote plaintiff as follows:

"September 6th, 1929.

"Mr. George M. Powell, Attorney,

"Atlantic National Bank Building,

"Jacksonville, Florida.

"Dear Mr. Powell:

"I have your letter of September 4th and pursuant thereto I am enclosing you cashier's check for $2,541.63, which represents one-half of your retainer, together with your expense account for your visit to West Palm Beach.

"I am also enclosing a note for $2,500.00 dated September 6th, 1929, and due one year after date, bearing 8% interest, signed by Bula E. Croker, which represents the balance of your retainer as agreed upon.

"I guess I will see you Monday morning, after you arrive here Sunday night.

"Yours very truly,

"G. L. ROBINSON.

"R-S"

That the letter, check and note were received by plaintiff; that on September 18, 1929, "the said defendant, by and through her said agent, requested said plaintiff to agree that said understanding and agreement, as set forth in said letter of September 4th, 1929, be modified and amended, and thereupon said plaintiff agreed to said modification and amendment as suggested by said defendant and thereupon, in pursuance of said further agreement, and to evidence

said modification and amendment of said agreement, said plaintiff did write and cause to be sent by mail and delivered to the said defendant, by and through her said agent, G. L. Robinson, a letter, dated September 20th, 1929, which was and is in words and figures, as follows:

"September 20, 1929.

"My dear Mr. Robinson:

"Referring to and supplementing my letter of September 4th, 1929, and my conversation with you at West Palm Beach on September 18, 1929, from which conversation it appears that my letter of September 5th, 1929, does not clearly or exactly state the agreement between Mrs. Croker and me, I beg leave to state that it is now my understanding that the payment to me of the One Hundred Thousand Dollars ($100,000.00), is contingent upon and only upon the outcome of the McDonald suit, which is now on appeal to the Supreme Court of Florida, and is in no sense dependent upon the outcome of the homestead suit, which has reached final decree in the Federal Court. It is further my understanding that I am to render in the homestead suit such assistance as may be required, in the event of an appeal; but that I am not to receive any compensation for such service in the homestead suit.

"In other respects, my letter of September 4th, 1929, states the agreement as I understand it.

"Will you please advise me if this accords with Mrs. Croker's understanding of the matter?

"With kindest regards,

"Yours very truly,

"GEORGE M. POWELL."

"Mr. G. L. Robinson,
"P. O. Box 1883,
"West Palm Beach, Florida."

That defendant through her said agent wrote to plaintiff as follows:

> "West Palm Beach, Florida,
> "November 7, 1929.

"George M. Powell, Esq.,
"Attorney at Law,
"Atlantic National Bank Bldg.,
"Jacksonville, Fla.
"Dear Mr. Powell:

"Returning here after my trip to Atlanta and other points north I desire to answer your letter of September 20th, 1929, relative to your agreement with Mrs. Croker on your fee.

"It seems to me that you have correctly stated the agreement as was originally intended at the date of your employment, that is, that your contingent fee is based upon the successful conclusion of the McDonald suit which is now on appeal to the Supreme Court of Florida, and is in no sense dependent upon the outcome of the Homestead Case which has already reached final decree in the Federal Court. But further, that you are to render such service and assistance as may be required in the event of an appeal in said Homestead Case; but that you are not to receive any compensation for such service in the Homestead Suit.

"And as suggested in this same letter of September 20th, it seems to me that in other respects your letter to me of September 4th states the agreement as I understand it.

"Kindly acknowledge receipt of this letter so that I can complete the files for Mrs. Croker.

"With kind personal regards, I am,

> "Yours very truly,
> "G. L. ROBINSON,

"GLR:W  G. L. Robinson."

"That from the time of the making of said contract and agreement by said defendant to and with said plaintiff, and from the time of the employment of said plaintiff as her associate counsel, as aforesaid, the said plaintiff did well and truly and promptly do and perform all and singular the matters and things upon his part to be done and performed under the terms of said agreement, both original and as modified and amended as aforesaid, and that said plaintiff, until the breach of said contract and agreement by said defendant, as is hereinafter alleged, did continue to well, truly and promptly do and perform all and singular the matters and things upon his part to be done and performed under the terms and provisions of said agreement."

"That thereafter, the said defendant by and through her said agent employed the said plaintiff to act as associate counsel in a certain suit at law, then and there pending in the Circuit Court for Palm Beach County, wherein said defendant, Bula E. Croker, was plaintiff and one, J. B. McDonald, was defendant, and thereafter said plaintiff, in pursuance of such employment, did act as such associate counsel and did do and perform all and singular the matters and things upon his part to be done and performed as such associate counsel, under said employment; and thereafter, upon the conclusion of said service, the said plaintiff caused to be sent and delivered to said defendant by and through her agent, as aforesaid, the said G. L. Robinson, a bill for the reasonable value of said services, and plaintiff further alleges and avers the truth to be that, upon the receipt by said defendant, the said Robinson, of said bill for such services, that said defendant, by and through her said agent, falsely, fraudulently and wrongfully contended and claimed that the said services in said suit were a part of the services which said plaintiff had contracted to perform in and by

his said letters of September 4th and September 20th, 1929, and the understanding and agreement thereby evidenced; and that said plaintiff was not entitled to additional compensation therefor, but that the same was comprehended by, and included in, said contract and agreement in reference to said first mentioned cases; whereas, in truth and in fact, as the said defendant, and her said agent, then and there well knew, the employment of said plaintiff in said case of Bula E. Croker v. J. B. McDonald, so pending in the Circuit Court for Palm Beach County, as aforesaid, was no part of, was not comprehended by, nor was it included in, the said contract and agreement for the services of said plaintiff so evidenced by said letters of September 4th and September 20th, 1929, as aforesaid, but entirely separate and distinct therefrom; and plaintiff further alleges and avers the truth to be that the said attempt of the said defendant to so modify, amend and extend said agreement evidenced by said letters of September 4th and September 20th, 1929, was without warrant of law, and in violation of the rights of said plaintiff and that the same constituted and was a repudiation and breach of said contract and agreement."

"That the said defendant has refused to pay said plaintiff the amount charged for his services in said suit of Bula E. Croker v. J. B. McDonald, and has persisted in said repudiation of said contract and agreement evidenced by said letters of September 4th and September 20th, as aforesaid, and the said defendant's answers and replies thereto, as aforesaid."

"That because of the said breach and repudiation of said contract and agreement by said defendant as aforesaid, said plaintiff has become and is entitled to consider and treat the said contract and agreement of September 4th and September 20th, 1929, as aforesaid, as violated, terminated and at

an end; and said plaintiff has elected and does hereby elect, because of said breach and repudiation of said contract and agreement by said defendant, as aforesaid, to consider and treat said contract and agreement at an end."

"That by reason of the repudiation and breach of said contract and agreement by said defendant, as aforesaid, said plaintiff has become and is entitled to have and recover of and from said defendant, the reasonable value of the services rendered and performed by said plaintiff under, and in pursuance of, said contract and agreement; and plaintiff further alleges and avers the truth to be that from the time of the making of said contract and agreement and of the employment of said plaintiff as such attorney and counsel for said defendant, as aforesaid, said plaintiff did well and truly perform the services required of him by said defendant as such associate counsel and that said services were accepted by said defendant; and plaintiff alleges and avers the truth to be that the said services so rendered by said plaintiff to said defendant under and pursuant to the said contract and agreement were and are of the reasonable value of, to-wit: Fifty Thousand Dollars ($50,000.00)."

The following plea in abatement was filed:

"Comes now the defendant, Bula E. Croker, by Milam, McIvaine & Milam, her attorneys, and prays judgment of the writ and declaration herein and that the same may be quashed, because this defendant says:

"That at the time of the institution of this suit and at all times thereafter this defendant has resided and still does reside in the County of Palm Beach, Florida; and that defendant was found and served with process in this cause in the County of Palm Beach, Florida, and not elsewhere. That the supposed cause of action upon which this suit is based did not accrue in Duval County, Florida, but said

supposed cause of action accrued in Palm Beach County, Florida, where this defendant resides; in that said cause of action is based upon the following transaction, to-wit: That this cause of action is for and on account of an alleged breach of contract whereby the plaintiff was employed to perform professional services for the defendant. That the plaintiff at the request of the defendant went to West Palm Beach, Florida, and then and there offered the terms upon which he would be willing to be employed by the defendant, and then and there at West Palm Beach, Florida, the defendant accepted the plaintiff's said offer and the terms thereof as proposed by him. That the said contract was completed at West Palm Beach, Florida, and not elsewhere. That the supposed breach of said contract of employment accrued, if at all, at West Palm Beach, Florida, in that the supposed breach of said contract was failure of the defendant to pay the plaintiff for plaintiff's services as associate counsel in the cause of Bula Croker v. J. B. McDonald lately pending at law in the Circuit Court of Palm Beach County, Florida, in which said cause the plaintiff performed his services at West Palm Beach, Florida, and became entitled to payment, if at all, at that place and not elsewhere. Wherefore, the defendant says that the contract upon which this suit is brought was made and entered into in the City of West Palm Beach, Palm Beach County, Florida, and the debt of demand for which the plaintiff sues was payable, if at all, in the City of West Palm Beach, Florida, and not in the County of Duval; and so the cause of action, if any exists in this suit, accrued to the City of West Palm Beach, Palm Beach County, Florida, and not in Duval County, Florida. All of which matters and things the defendant is ready to verify.

*"Wherefore,* the defendant prays judgment of the writ and declaration that the same be quashed."

Defendant filed a demurrer to the plea in abatement, the grounds of which are:

"1. That the said plea does not state any matter of abatement of the said action.

"2. That said plea is not sufficiently definite and certain.

"3. That said plea does not state facts, but states only conclusions of law.

"4. That it is not made to appear by any issuable allegations of fact in said plea contained that the said cause of action accrued in Palm Beach County, Florida.

"5. That it is not made to appear by any issuable allegations of fact in said plea contained that the said cause of action did not accrue in Duval County, Florida.

"6. That it is not made to appear by any issuable allegations of fact in said plea contained that the compensation due the plaintiff as shown by the facts alleged in said plea payable at any other place than the office of the plaintiff in the City of Jacksonville, Duval County, Florida.

"7. That it affirmatively appears by the allegations of the plaintiff's declaration which are not denied by the plea in abatement that the cause of action sued on by the plaintiff in the above entitled cause, accrued in the County of Duval and State of Florida, in which said suit is pending.

"8. That it affirmatively appears from the allegations of fact contained in plaintiff's declaration, which are not denied by the plea in abatement that the place of payment of plaintiff's said alleged debt was the County of Duval and State of Florida."

The demurrer was sustained. Pleas in bar were filed and other proceedings were had resulting in a verdict for the plaintiff in the sum of $25,000.00. The defendant took

writ of error and one of the errors assigned is the order sustaining the demurrer to the plea in abatement.

The statute provides that: "Suits shall be begun only in the county (or if the suit is in the justice of the peace court, in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is." Sec. 4219 (2579), C. G. L.

This action was brought in Duval County where the plaintiff resides, for an alleged anticipatory breach of a contract by the defendant who resides in Palm Beach County where the contract was made. If the cause of action did not accrue in Duval County, the defendant has a right under the statute to be sued in the county where she resides or where the cause of action did accrue. Upon the breach of a contract, a cause of action may accrue and an action thereon may in general be maintained in the county where the breach occurs. But if something in addition to a mere breach of a contract is needed to make a cause of action, as for example a rescission by the plaintiff for an anticipatory breach of the contract by the defendant, the cause of action may accrue where the plaintiff resides and rescinds, particularly where the contract is for services to be performed in part where the plaintiff resides.

Where a contract involving the payment of money is made in one county and payments under the contract are to be made in another county, an action for a breach of the promise to pay may be maintained in the county where the payment was agreed to be made, for there the breach occurred and the cause of action accrued; and if no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise

to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant's breach. See Littell v. Nichols, Hardin's (Ky.) Reports 66; 40 Cyc. 83; Indian Lumber Co. v. Roux, 106 Fla. 77, 143 So. 142.

When a contract for services is made by two parties in a county where one of them resides, and it is alleged that before the contract was completed it was breached in the county where it was made by a violation of the contract by the party who resides there, upon a rescission of the contract for the breach, an action for damages for such breach may be brought either in the county where the contract was made and where it was breached, or in the county where the other party resides if he rescinded the contract there because of the prior breach.

It is alleged that because of the breach of the contract by the defendant, in violating and repudiating such contract, the plaintiff has elected and does elect to consider and treat said contract and agreement as at an end. This being done, a cause of action thereby accrued to the plaintiff for such breach by the defendant, to recover for the value of services performed. The plaintiff having first elected to. rescind or treat the contract as at an end because of the alleged anticipatory breach by the defendant, there is then a cause of action to sue upon. The plaintiff then had a right to maintain an action in the county of his residence for the alleged anticipatory breach of the contract by the defendant; and may recover for the value of services rendered, if it be duly shown that the contract was violated

and repudiated by the defendant. The demurrer to the plea in abatement was properly sustained.

Among other pleas the defendant filed the following:

"FOR AMENDED PLEA No. 6: The defendant says that the refusal of the defendant to pay the plaintiff the fee of $1,500.00 charged by him in the suit of Croker v. McDonald arose from a controversy between the plaintiff and this defendant's agent, G. L. Robinson, as to the terms and legal effect of plaintiff's employment whereby he (the plaintiff) was to receive $100,000.00 contingent upon the success of defendant's appeal to the Supreme Court of Florida mentioned in plaintiff's letters of September 4th and September 20th, 1929. That it is untrue that Robinson's contentions in that regard as set out in the declaration were knowingly false or fraudulently made or that the same constituted a repudiation of the original contract of employment of the plaintiff; but, on the contrary, the defendant's said agent wrote and notified the plaintiff under date of February 16th, 1931, as follows:

" 'We have not in the least attempted to alter your contract of employment. From what you say in this letter you seem to contend that the Croker-McDonald case was separate from the other matters in which you were employed. If that is true, I fail to see how a misunderstanding in that case would change your other contract.'

"That it is untrue that the plaintiff elected to rescind his original contract of employment because of any supposed alteration or modification thereof; but on the contrary, plaintiff refused to continue his said employment solely because of the failure of the defendant to pay a claim of $1,500.00 for services in a matter wholly distinct and unconnected therewith and after the services for which said $1,500.00 was claimed by plaintiff had been fully performed.

That plaintiff evidencing his reasons for withdrawal from defendant's employ, wrote to and notified defendant's said agent as follows, under date of February 11th, 1931:

" 'I may say in advance that I have too many clients who are willing to pay to waste my time working for people who are not, and I certainly have no desire or intention to continue in the employ of a person on a contingent arrangement, who, at this early date, is evincing a disinclination to pay what I can prove is a just and reasonable claim.' And thereafter the plaintiff, under date of February 17th, 1931, wrote and advised the defendant, reiterating each and every of the observations contained in his letter of February 11th, 1931, and notifying the defendant that unless his demand of payment of the $1,500.00 fee was complied with, he, the plaintiff, would file with the Circuit Court of Appeals and with the Supreme Court of Florida notice of his withdrawal from all pending cases.

"And so the defendant shows this Honorable Court that the attempted rescission by the plaintiff of his contract of employment was not justified by the failure of this defendant to pay for the plaintiff's services in a wholly distinct and separate matter, even though said failure arose from the controversy between the defendant's agent and the plaintiff over the terms and legal effect of the plaintiff's previous employment. That this defendant has never consented to the plaintiff's withdrawal from his said employment and, on the contrary, on February 19th, 1931, wrote and notified the plaintiff, through her agent, G. L. Robinson:

" 'It is my position that Mrs. Croker has not breached the contract with you in any respect, in which you were employed as her attorney, and you are not released from any obligation thereunder.' "

*"Wherefore,* this defendant says that she is not indebted to the plaintiff for the reasonable value of his services in the said two matters pending in the Circuit Court of Appeals of the Fifth Circuit and in the Supreme Court of Florida."

To such plea the plaintiff demurred on grounds:

"1. That said plea does not state any defense to the cause of action set forth in plaintiff's declaration.

"2. That said plea does not state facts, but only conclusions of law.

"3. That said plea is argumentative and does not create an issue of fact.

"4. That said plea does not traverse, deny, confess or avoid any material allegation of the plaintiff's declaration.

"5. That said plea is in the negative pregnant.

"6. That said plea seeks to levy the foundation for the introduction of parol evidence to vary and contradict the terms of a written agreement."

The court sustained the demurrer.

When a contract for services is breached or repudiated by the employer before or pending performance of the service, the employee may elect to treat the contract as rescinded and may then maintain an action for appropriate damages. Watson v. Columbia Mining Co., 118 Ga. 603; 6 C. J. 724; McFarlan v. The State, 149 Ind. 632; Hall, *et al.,* v. Gunter & Gunter, 157 Ala. 375, 47 So. 155; Thompson v. Kyle, 39 Fla. 582, 23 So. 12; Slaughter v. Barnett, 114 Fla. 352, 153 So. 134.

In order to justify a rescission or abandonment of an employment contract by the employee because of a breach or repudiation of the contract by the employer, the breach must affect the substance of the contract, or the repudiation of

the contract must be positive, unequivocal and absolute. 13 C. J. 654; Slaughter v. Barnett, decided here March 27, 1934; Hall v. Northern & Southern Co., 55 Fla. 235, 46 So. 178. The mere making of unfounded or illegal claims by the adverse party pending performance is not sufficient to constitute a breach or repudiation of a contract. 13 C. J. 658; 6 C. J. 674; C. & St. L. R. R. Co. v. Koerner, 3 Ill. Appeals 248.

The declaration in substance alleges that the plaintiff was employed by defendant to perform professional services in two designated cases then being litigated, such services to be compensated by a retainer paid and by a contingent fee in case of success in one of the cases; that afterwards defendant employed plaintiff to render professional service in another case; that when bill was rendered for such latter services, the defendant through her agent, falsely, fraudulently and wrongfully contended that the compensation for rendering the service in the third case was included in the contingent fee contract; that plaintiff then elected to declare the contingent fee contract at an end on the ground that in refusing to pay said bill on the ground contended for, the defendant had attempted to modify, amend and extend the contingent fee agreement without warrant of law and in violation of the rights of the plaintiff, and that the same constituted a repudiation and breach of said contract and agreement.

The quoted plea in bar in effect avers that the refusal of the defendant to pay the plaintiff's bill for services in the third case arose from a controversy as to the terms and legal effect of plaintiff's contingent fee employment; that it is not true that the contentions of defendant's agent as to the contract were knowingly false or fraudulently made or that same constituted a repudiation of the original contract

of employment of the plaintiff; but, on the contrary, defendant's agent wrote the plaintiff that "We have not in the least attempted to alter your contract of employment. From what you say in this letter, you seem to contend that the Croker-McDonald case was separate from the other matters in which you were employed. If that is true, I fail to see how a misunderstanding in that case would change your contract"; that it is untrue that the plaintiff elected to rescind his original contract of employment because of any supposed alteration or modification thereof; but on the contrary, plaintiff refused to continue his said employment solely because of the failure of defendant to pay a claim for services in a matter wholly distinct and unconnected therewith, and after the services for which said claim was made by plaintiff had been fully performed. A quotation from an identified letter from the plaintiff is incorporated in the plea to sustain the averment of the plea. The plea also avers that defendant has never consented to the plaintiff's withdrawal from his said employment, and, on the contrary, on February 19, 1931, wrote and notified the plaintiff through her agent: "It is my position that Mrs. Croker has not breached the contract with you in any respect, in which you were employed as her attorney, and you are not released from any obligation thereunder." If the averments of the last sentence of the plea are not issuable, they serve to show the attitude of the defendant as to her contention that non-payment of the bill for services in the third case was not an attempt to breach the contract so as to justify the plaintiff in electing to rescind it.

The quoted plea in bar in substance avers that the defendant's refusal to pay the claim for services in the third case was because that was in accordance with the import of the former contract; and denies that defendant's conten-

tions as to the terms of the prior contract were fraudulently made or that defendant's contentions as to the scope of the prior contract was an attempt to violate the contract, or constituted a repudiation of the original contract of employment; and avers that the plaintiff did not rescind his original contract of employment because of any supposed alteration or modification thereof, but solely because of the failure of the defendant to pay a claim for services in a matter wholly distinct and unconnected therewith.

The averments of the quoted plea are in effect denials of material allegations of the declaration and were good as against the demurrer interposed; therefore, the demurrer to the plea should have been overruled.

Charges requested for the defendant which were consistent with the rejected plea and with the defendant's contentions on the evidence and the law applicable thereto, should have been given in so far as the substance of the charges were not fully covered by the charges given.

Reversed for appropriate proceedings.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.