WIGGINTON, Judge.
The sole question presented by this interlocutory appeal is whether Duval County, where plaintiff resides, is the proper venue of this suit in general assumpsit on an implied contract for the reasonable value of plaintiff’s services rendered defendant at the latter’s request and from which he benefited, even though defendant resides in Oka-loosa County.
The controlling statute on venue provides that suit shall be begun only in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.[1] If venue in this case is sustainable in the county of plaintiff’s residence, it must be because as a matter of law the cause of action sued upon accrued there.
In the landmark case of Croker v. Powell,[2] the cause of action sued upon had *3 its genesis in an express contract for the rendition of legal services. The defendant committed an anticipatory breach of the contract prior to its execution hy plaintiff as a result of which plaintiff rescinded the contract and sued in assumpsit on an implied contract seeking judgment for the reasonable value of the services which he had rendered at defendant’s request and from which she benefited. In that case it was held that the proper venue of the action was Duval County where the plaintiff resided and the cause of action accrued, and not Palm Beach County which was the defendant’s place of residence. In so holding the Supreme Court of Florida said:
“Where a contract involving the payment of money is made in one county and payments under the contract are to he made in another county, an action for a breach of the promise to pay may he maintained in the county where the payment was agreed to be made, for there the breach occurred and the cause of action accrued; and if no place of payment is expressly agreed on, it may he implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or •agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may he maintained in such county for the defendant’s breach. See Littell v. Nichols’ Adm’rs, Hardin (Ky.) 66; 40 Cyc. 83; Indian Lumber Co. v. Roux, 106 Fla. 77, 143 So. 142.”
The foregoing rule was subsequently adhered to by the Supreme Court in the Producers Supply, Inc. case.[3] That action was commenced in the county where plaintiff resided. The suit was one in general as-sumpsit on the common counts for money owed plaintiff by defendant. The defendant questioned venue on the ground that it was a resident of a county other than the one in which the suit was instituted, and under the statute had a right to he sued in the county of its residence. In holding that venue was properly laid in the county of plaintiff’s residence the court said:
“It is settled law in this state that the parties to an agreement may provide therein where suit may be brought to enforce it if such should become necessary, hut in the absence of such a specification, a cause of action accrues where the breach of contract accrues or where the payee resides and a suit based on failure to pay may be brought where such failure accrues. Baruch v. W. B. Haggerty, Inc., 137 Fla. 799, 188 So. 797; Croker v. Powell, 115 Fla. 733, 156 So. 146; Indian Lumber Company v. Roux, 106 Fla. 77, 143 So. 142.”
The M. A. Kite Company case [4] decided hy this Court was a suit for the recovery of money owed plaintiff hy defendant. The first count of the complaint alleged a cause of action based upon an express contract in which the place of payment of the sums due plaintiff under the contract was not provided. The second count alleged a cause of action in general assumpsit on the common counts for money owed plaintiff hy defendant. In that decision Judge Carroll, in a special concurring opinion, pointed out that since the second count of the complaint alleged a cause of action in general assumpsit, the county in which plaintiff resided was a proper venue for the action even though defendant’s resident agent resided in another county of the state.
The foregoing rule announced hy Judge Carroll in his special concurring opinion in the Kite case was subsequently followed hy *4 this Court in the later case of Edgewater Drugs, Inc. v. Jax Drugs, Inc.[5] In this case plaintiff, a resident of Duval County, instituted a suit in that county in general assumpsit on the common counts for goods sold and delivered and for accounts stated. Defendant, a resident of Volusia County, moved to dismiss the cause on the ground of improper venue contending that under the statute it was privileged to be sued in the county of its residence which was Volusia. In affirming the trial court’s order denying the motion to dismiss the action on the ground of improper venue this Court, in an opinion written by Judge Carroll, quoted from this Court’s decision in the Kite case and held that in a suit in general assumpsit it may be implied that payment is to be made where the payee resides or has an established place of business as that is where the cause of action accrued.
In consideration of the foregoing authorities, we conclude that the question presented by this appeal must be answered in the affirmative, and the trial court’s order finding that the venue of this action is properly laid in Duval County is affirmed.
Affirmed.
CARROLL, DONALD K., Acting C. J., concurs.
RAWLS, J., dissents.

. F.S. Section 46.01, F.S.A.

. Croker v. Powell, 115 Fla. 733, 156 So. 146.

. Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375.

. M. A. Kite Company v. A. C. Samford, Inc. (Fla.App.1961), 130 So.2d 99.

. Edgewater Drugs, Inc. v. Jax Drugs, Inc. (Fla.App.1962), 138 So.2d 525.