174 So.2d 393 (1965)
William E. DUGGAN, Petitioner,
v.
E.D. TOMLINSON, Respondent.
No. 33722.
Supreme Court of Florida.
April 21, 1965.
Douglass & Steinmeyer, Edgar C. Booth, Tallahassee, and Barrow & Moore, Crestview, for petitioner.
Jones & Foerster, Jacksonville, for respondent.
PER CURIAM.
The District Court of Appeal, First District, transmitted to us its certificate dated September 14, 1964, which recites that
"* * * having rendered its decision and filed its opinion in the above entitled cause * * * does hereby determine and certify that said decision is one which passes upon a question of great public interest as contemplated by Section 4(2), Article V, Constitution of Florida [F.S.A.]"
The opinion and decision of the District Court of Appeal in this case appears in 167 So.2d 2.
The provisions of Article V, Section 4(2), viz.: "The Supreme Court may review by certiorari any decision of a district court of appeal * * * that passes upon a question certified by the district court of appeal to be of great public interest * * *" fills an interstice in our constitutional certiorari jurisdiction and is particularly applicable to decisions of the district courts of appeal of first impression, where no decisional conflict or other factor *394 involving our certiorari jurisdiction is invoked. The constitutional provision just quoted limits our certiorari review in these instances to those decisions of such district courts which pass upon a question certified by such courts to be of great public interest. The certification process has been resorted to by the district courts of appeal in clear recognition of such constitutional limitation. While the ultimate decision of whether the decision does pass upon a question of great public interest is one which the Constitution vests exclusively in the district courts, it would be of great assistance to this Court in reviewing the case if, in such instances, the district court would clearly set forth in such certificate the question or questions which in its opinion is of such public interest as to bring the decision within the orbit of the constitutional provision.
In the instant certification the facts of the case gleaned from the opinion of the District Court of Appeal are as follows:
William E. Duggan is a resident of Crestview, Okaloosa County, Florida. He owned a tract of timber land in that county. E.D. Tomlinson, a licensed real estate broker who has his office and residence in Jacksonville, Duval County, Florida, learned through a friend, a Mr. Butler, that Mr. Duggan wished to sell his tract of timber land. Mr. Tomlinson went to Crestview where he saw Mr. Duggan. It was verbally agreed between them that Mr. Tomlinson would try to find a buyer for said tract. During this conversation it appears Mr. Duggan gave Mr. Tomlinson a description of the property and his asking price. Thereafter there were further conversations between them about the matter on different dates in Crestview. There was no written contract evidencing the agreement. The upshot was that Mr. Duggan sold the land to one Rasberry, whom Mr. Tomlinson had produced. The broker's commission not being paid, Mr. Tomlinson sued Mr. Duggan in the Circuit Court for Duval County. The action was in general assumpsit to recover money under an implied contract. In his complaint Mr. Tomlinson alleged:
"* * * said compensation or commission did become payable to plaintiff [Tomlinson] at his office in the City of Jacksonville, Duval County, Florida * * *."
Mr. Tomlinson testified in the case that he relied upon "the custom of the trade" and that thereunder he would get a net per acre price from Mr. Duggan, add his commission of $2.50 per acre to the asking price and quote the land to his prospects at such price. Mr. Duggan as the defendant moved the Circuit Court for a summary judgment, contending that the venue for the cause was Okaloosa County, the county of his residence. Mr. Tomlinson contended venue lay in Duval County where he instituted the action. The Circuit Court ruled in favor of Mr. Tomlinson on the issue of venue and entered summary judgment accordingly. On the appeal the District Court of Appeal affirmed. Thereafter, it submitted to us the foregoing certificate.
We have carefully considered the decision below, including the majority and dissenting opinions. In addition, we have studied the briefs of counsel for the parties filed in relation to a petition for writ of certiorari sought by the appellant below.
In answer to the question certified, it is our opinion we should concur in the majority opinion of the District Court of Appeal prepared by Judge Wigginton. As indicated in the majority opinion, we are unable to distinguish the legal and factual situation respecting venue in the instant case from those situations respecting venue in Croker v. Powell, 115 Fla. 733, 156 So. 146; Producers Supply, Inc., v. Harz, 149 Fla. 594, 6 So.2d 375; M.A. Kite Company v. A.C. Samford, Inc., 130 So.2d 99 (Fla. App. 1961); and Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525 (Fla.App. 1962).
Very simply, the plaintiff's action was in general assumpsit on an implied contract *395 for the reasonable value of his services rendered defendant at the latter's request  and from which defendant benefited  even though defendant resided in a different county than did plaintiff. For aught that appears from the record before us, most, if not all of the real estate broker's services were performed in Duval County where he resided and had his office. The law appears settled that an action of this kind may be maintained in the county of plaintiff's residence. Several sessions of the Florida Legislature have elapsed since the interpretation of F.S. Section 46.01, F.S.A., in Croker v. Powell, supra, occurred without modification thereof by the legislative branch. No good purpose would be served to judicially change this rule of venue long established and followed in this state.
Affirmed.
DREW, C.J., and THOMAS, ROBERTS, THORNAL, O'CONNELL, CALDWELL and ERVIN, JJ., concur.