191 So.2d 480 (1966)
Angel MENDEZ, Appellant,
v.
GEORGE HUNT, INC., Appellee.
No. 191.
District Court of Appeal of Florida. Fourth District.
November 7, 1966.
Joseph M. Murasko, Fern Park, for appellant.
Thomas G. Freeman, Jr., and Kenneth W. McIntosh, of Stenstrom, Davis & McIntosh, Sanford, for appellee.
WALDEN, Judge.
Plaintiff, Angel Mendez, commenced an action at law against the defendant, George Hunt, Inc., in Seminole County, Florida. The complaint was dismissed upon defendant's motion by reason of improper venue and plaintiff brings this appeal. We affirm.
To gain some background for an attack on the problem, we record that the parties entered into a written contract in Collier County. Plaintiff agreed therein to perform specified items of construction work in Collier County for the defendant, George Hunt, Inc. The adjusted contract price was $8,607.04. Plaintiff was a resident of Seminole County, while defendant's principal place of business was in Pinellas County. The contract did not fix venue and neither did it mention the place where payments thereunder were to be made.
*481 We infer from the scanty record that matters proceeded without incident up to a point where plaintiff had satisfactorily completed a major part of the work prescribed, for which payment in full had been made and received. The record does not reveal where or how this payment was made. After agreed adjustments there remained work to be done under the contract of a value of $2,534.95.
At this juncture we encounter plaintiff's gravamen, the gravamen that underlies each of the counts found in plaintiff's multicount complaint. Plaintiff's grievance is that defendant breached its contract by unilaterally renouncing and repudiating the partially completed contract and, thus, eliminating plaintiff's right to complete the quantum of work remaining to be done under the contract and, thereby, his right to qualify for receipt of the balance of the contract price. Each count demands money damages in the sum of $2,534.95, this sum being equivalent to the balance of the contract price.
Our venue statute, F.S.A. § 46.04, provides that suits against domestic corporations shall be commenced only where the corporation has a business office or "where the cause of action accrued" or where the property in litigation is located. Inasmuch as there is no property in litigation and the defendant was not sued in a county where it has an office, the determinative question to be answered in this appeal is, "Did the cause of action accrue in Seminole County?" Parenthetically, we note that normally the cause of action accrues where the act of default occurs. See Croker v. Powell, 1934, 115 Fla. 733, 747, 156 So. 146 at 151; Williams v. Aeroland Oil Co., 1944, 155 Fla. 114, 20 So.2d 346; Gates v. Stucco Corp., Fla.App. 1959, 112 So.2d 36.
Plaintiff, Mendez, takes the position that his home county, Seminole, is the proper forum. He asserts that he is a creditor and that the defendant is a debtor and that a sum of money is due. With this he relies on the general and well recognized principle that, where there is an express promise to pay a sum of money and no place of payment is stipulated, the debtor should seek the creditor, unless otherwise provided. In such cases the default and breach consist of the failure to pay the money and the cause of action accrues where the default occurred, which would necessarily be in the county where the creditor resides. See Croker v. Powell, 1934, 115 Fla. 733, 156 So. 146; Baruch v. W.B. Haggerty, Inc., 1939, 137 Fla. 799, 188 So. 797; Producers Supply, Inc. v. Harz, 1942, 149 Fla. 594, 6 So.2d 375; Williams v. Aeroland Oil Co., 1944, 155 Fla. 114, 20 So.2d 346; Duggan v. Tomlinson, Fla.App. 1964, 167 So.2d 2, affirmed, Fla., 174 So.2d 393; Ryder Leasing, Inc. v. Jorge, Fla.App. 1964, 168 So.2d 548. This rule is uniformly applicable in determining the place where the cause of action accrues when the action is based upon a failure or refusal to pay money due one of the parties to an executed contract. M.A. Kite Co. v. A.C. Samford, Inc., Fla.App. 1961, 130 So.2d 99, 101. We readily give allegiance to this worthy rule. However, we believe its application is linked to instances where the default consists simply of an omission to pay a certain sum of money which is due or already earned. To illustrate, we believe that plaintiff here would be on firm ground and within the auspices of the stated rule if he had completed all of the work contractually prescribed, leaving due to him the balance of the contract price.
Our concern is with a breach of performance under a written contract and in such cases the cause of action may accrue in different forums, depending upon the nature of the breach which forms the gravamen of the particular cause and the theory pursued by the claimant. M.A. Kite Co. v. A.C. Samford, Inc., supra; 34 Fla.Jur., Venue, § 17. In the case at hand the gravamen  the breach  consists of the act of the defendant, George Hunt, Inc., in renouncing and refusing to further recognize the partially completed contract. This act occurred in Collier County and, thus, the cause of action accrued there.
*482 The plaintiff misconceived his theory. To begin with, the contract was only partially executed with plaintiff having received full payment for all the work actually performed. This being true, there was no basis for saying defendant was indebted to plaintiff in the sum of $2,534.95 as pleaded. Such debt could only have been created by plaintiff's full performance of his work obligation without further payment. Neither was there any basis for employment of general assumpsit in any of its forms. Plaintiff's basic recovery right is for damages on account of the defendant's breach; the cause of action being grounded upon defendant's act of repudiation which served to prevent plaintiff's completion of the contract as opposed to some theoretical right to collect an already earned sum of money. The amount of plaintiff's entitlement is unliquidated and subject to proof. His damage measure is for loss of profits  profits which he would have realized had defendant allowed plaintiff to complete the contract. 9 Fla.Jur., Damages, § 78 et seq. In other words, he would be entitled to recover the balance of the contract price, $2,534.95, less the cost of completing the contract.
In order for this case to take its proper place in the array it is deemed proper to relate it to two cases prominent in the venue field, namely: Croker v. Powell, supra, and M.A. Kite Co. v. A.C. Samford, Inc., supra.
In the Croker case, an express contract for services had been partially completed with some of the services having been performed in plaintiff's home county. No payment had been made. Defendant breached, she being a resident of another county. Plaintiff was permitted to rescind the express contract and sue in his home county for the reasonable value of his services which had actually been rendered. In other words, plaintiff there was given the option of disavowing the express contract and suing in his home county in general assumpsit for services previously rendered where some of them had been performed in his home county. See Duggan v. Tomlinson, Fla.App. 1964, 167 So.2d 2, affirmed Fla., 174 So.2d 393. In the instant case none of the services had been performed in plaintiff's home county. In the instant case plaintiff received full recompense for all services actually performed. In the instant case plaintiff must sue upon the express contract as opposed to a rescission and suit upon the common counts, because otherwise he is left without a cause of action.
The Kite case is fundamentally different because it was a suit to recover a stated sum of money owed for materials and services rendered as provided in a fully executed written contract, coupled with a proper alternative count in general assumpsit which was presumptively well-founded as to venue.
Venue questions require a close understanding of the salient facts and the pleader's theories of law. Because venue must usually be decided at the outset of a case, it is often difficult to do so because at the beginning stages the record is slight, untested and unsettled. Thus, it is essential to a correct disposition that the presentment of the issue be marked by careful pleading, preparation, and conception of the cause of action.
In conclusion, we hold that the breach occurred in Collier County and that plaintiff, according to statutory restriction, is limited to maintenance of his cause of action either in Collier County, where the cause of action accrued, or in Pinellas County, wherein defendant's place of business is located.
To save possible puzzlement, we note that the parties raise no point and make no objection as to the use of procedure in the trial court of dismissing the case as distinguished from transfer under F.S.A. § 53.17, on account of improper venue.
The order appealed is affirmed.
SMITH, C.J., and FUSSELL, CARROLL W., Associate Judge, concur.