197 So.2d 8 (1967)
SAF-T-CLEAN, INC., a Florida Corporation, Petitioner,
v.
MARTIN-MARIETTA CORPORATION, a Maryland Corporation Qualified to Do Business in Florida, Respondent.
No. 35409.
Supreme Court of Florida.
March 15, 1967.
Rehearing Denied April 17, 1967.
*9 Michael H. Kramer, Miami, for petitioner.
George T. Eidson, Jr., of Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Or. lando, for respondent.
O'CONNELL, Justice.
We have for review by conflict theory a decision of the District Court of Appeal, Fourth District, affirming an order of the trial court transferring the cause for lack of venue.
Petitioner, a Florida corporation having its principal place of business in Broward County, was plaintiff in the trial court. Respondent, a Maryland corporation qualified to do business in Florida and having its principal place of business in Orange County, was defendant. The parties entered into a written contract for the performance of janitorial services by petitioner for the respondent in Orange County.
Petitioner instituted suit in the Court of Record for Broward County for breach of contract, alleging respondent's failure to pay for certain services that had been performed under the contract. Respondent objected to the laying of venue in Broward County and moved for transfer of the cause to Orange County, where it conducts its business. The trial court granted the motion to transfer, and the district court affirmed per curiam, without opinion. 185 So.2d 15.
We accepted jurisdiction pursuant to a demonstration of conflict with this court's decision in Croker v. Powell, 1934, 115 Fla. 733, 156 So. 146, in which we said,
"Where a contract involving the payment of money is made in one county and payments under the contract are to be made in another county, an action for a breach of the promise to pay may be maintained in the county where the payment was agreed to be made, for there the breach occurred and the cause of action accrued; and if no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant's breach. See Littell v. Nichols' Adm'rs, Hardin (Ky.) 66; 40 Cyc. 83; Indian Lumber Co. v. Roux, 106 Fla. 77, 143 So. 142."
*10 Although it is arguable that the quoted passage appeared as dictum in the Croker case, this does not deny to the conflict its jurisdictional character. Sunad, Inc. v. City of Sarasota, Fla. 1960, 122 So.2d 611. Neither is our jurisdiction affected by the circumstance that we must find the basis for conflict in the so-called record proper. Foley v. Weaver Drugs, Inc., Fla. 1965, 177 So.2d 221. In this cause we need only look at the complaint, the motion to dismiss or transfer and the order of the trial court all of which are in the record before us.
It is evident that under the controlling statute, venue could be placed in Broward County only on the theory that it was there that the cause of action arose. F.S. 46.04, F.S.A. Petitioner's position is that the rule contained in the above-quoted language from the Croker case applies to the instant case, since the action was brought under a contract involving the payment of money for a breach consisting of a failure to pay, no place of payment being specified. Therefore, it reasons, venue was properly laid in Broward County, the residence of the plaintiff-creditor, where payment was impliedly to be made.
Respondent argues, to the contrary, that the cases draw a distinction between actions brought in general assumpsit and those brought in special assumpsit, as here. Respondent contends that the rule of the Croker case applies only in actions brought in general assumpsit, but that in actions brought in special assumpsit the cause of action can accrue only in the county in which the contract was consummated.
We find no logical basis for the distinction that respondent seeks to draw between special and general assumpsit. Actually, it appears that an earlier attempt to apply the same distinction in an inverse manner was rejected by this court. In Producers Supply, Inc. v. Harz, 1942, 149 Fla. 594, 6 So.2d 375, the plaintiff in error apparently admitted that the suit could have been brought in the county of the plaintiff's residence had it been based on an express contract that was silent as to the place of payment, but that a different rule applied in an action brought on the common counts. This court held, to the contrary, that a suit based on failure to pay may be brought where the payee resides.
The cases cited by the respondent do not support its position. One group, of which Edgewater Drugs, Inc. v. Jax Drugs, Inc., Fla.App. 1962, 138 So.2d 525 is typical, involves suits by sellers for the selling price of goods sold. The outcome of the Edgewater Drugs case certainly turned on the rule urged by this petitioner, and the others could also be explained on that basis had they not been decided prior to the Croker case. In E.O. Painter Fertilizer Co. v. Du Pont, 1907, 54 Fla. 288, 45 So. 507, it is true that the court refused to hold that venue lay in the plaintiff's county of residence. However, it would seem that even that result could be explained in terms of the Croker rule, for the plaintiff seller had an agent in defendant's county of residence, through whom the order had been placed and delivery made. Presumably, payment was intended to be made through the same channel.
Respondent also cites to the authority of another group of cases, of which Peters v. E.O. Painter Fertilizer Co., 1917, 73 Fla. 1001, 75 So. 749 may be taken as typical. But that was not an action for money owed under a contract, express or implied, but for damages on a warranty of fitness. As Judge Wigginton properly pointed out in M.A. Kite Company v. A.C. Samford, Inc., Fla.App. 1961, 130 So.2d 99, "[c]auses of action growing out of contractual relationships may accrue in different forums depending upon the nature of the breach which forms the gravamen of the particular action."
Finally, respondent claims support for its position in the recent decision of the District Court of Appeal, Fourth District, in Mendez v. George Hunt, Inc., Fla.App. *11 1966, 191 So.2d 480. We disagree, for that action was neither for money owing under the contract nor on general assumpsit. Rather, it was for damages resulting from the defendant's repudiation of the contract.
We therefore hold that under F.S. Sec. 46.04, F.S.A. suit for money owed, brought either in special or general assumpsit in which no place of payment was agreed upon, may be brought in the county of residence of the payee for that is where the cause of action, i.e., default in payment, accrues.
Therefore, the writ is granted, and the decision of the district court is quashed with directions that the cause be remanded to the trial court for further proceedings consistent herewith.
ROBERTS, DREW and ERVIN, JJ., concur.
THOMAS, Acting C.J., dissents.