PER CURIAM.
Appellant has appealed an order dismissing its complaint as to two of the four defendants named therein. The question involved is one of venue.
Appellant is a nonresident corporation authorized to do business in Florida and having a principal place of business in Du-val County where this action was commenced. Appellees are citizens and residents of Orlando in Orange County, Florida. They moved to dismiss the action or transfer it to the Circuit Court of Orange County on the ground of improper venue.
We have carefully examined the pleadings and supporting documents attached thereto, together with the affidavits filed in support of and in opposition to the motion to dismiss. We conclude, as did the trial court, that the cause of action alleged in the complaint on the guaranty agreement signed by appellees accrued at appellant’s business office located outside of the State of Florida as specified in the conditional sales contract of which the guaranty agreement signed by appellees is a part. Under the circumstances, the authorities relied on by appellant for reversal of the order appealed are inapplicable.[1] We are further of the view that venue in this case is controlled by the provisions of the statute which permit actions of this kind to be brought either in the county where the cause of action accrued, where the property in litigation is located, or where the defendants reside.[2] Since the cause of action accrued at a place outside of the State of Florida and no property is involved in the litigation, it follows that the only proper venue for the action is Orange County where appellees reside.
Because of the foregoing, it is our view that the trial court correctly dismissed the complaint as to appellees, and the order thereon is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS, JJ„ concur.

. M. A. Kite Co. v. A. C. Samford, Inc., (Fla.App.1961) 130 So.2d 99; Croker v. Powell, 115 Fla. 733, 156 So. 146.

. F.S. § 47.011, F.S.A.