PER CURIAM.
We reverse the trial court’s order and remand with direction to transfer the cause to Dade County. See County of Volusia v. Atlantic International Inv. Corp., 394 So.2d 477 (Fla. 1st DCA 1981).
The facts in this case fall within the principles of Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966), not within those set out in Croker v. Powell, 115 Fla. 733, 156 So. 146, 151 (1934).
In October of 1983, appellant Lewis Peters and appellee Andrew Machata formed appellant corporation, Farsouth Jet Services, Inc. (Farsouth), as a plane leasing operation. Machata and Peters each made a nominal cash contribution and received 250 shares of the corporation’s stock.
At the same time, Peters and Machata jointly purchased a Lear jet from an unrelated third party for $365,000. This purchase was accomplished by obtaining a $315,000 loan from the Bank of Homestead. Because Machata was at least indirectly involved in litigation with the director of the bank, Peters personally *85 signed for the loan and Machata’s name did not appear on any of the documents. Ma-ehata, however, agreed to execute and deliver a promissory note to Peters for one-half the financed amount to secure his obligation. To provide additional collateral for the loan, Machata also delivered to Peters an assignment • of his 250 shares of Far-south’s common stock. Machata alleges that it was his understanding that he would maintain his half interest in the corporation and his stock would be returned unless there was a default with the lender. Peters and Machata each contributed an additional $25,000 toward the purchase of the plane.
Appellant alleges that for a time, Macha-ta continued making contributions to Far-south, and Farsouth applied these payments to the bank loan. Machata contends that he contributed these additional funds in the form of loans to the corporation, amounting to $42,000. Farsouth periodically sent photocopies of its journal entries to Machata. Evidently, Farsouth carried on its ledger books entries showing a note payable in favor of Machata for an amount approximately equal to the amount of the note from Machata to Peters plus the cash “loans” made directly to Farsouth.
In 1986, Machata stopped receiving the accounting reports. In 1987, he demanded an accounting from Farsouth but received no reply. Machata renewed his demand in 1989, asking for a complete accounting of the corporation’s income and expenses from 1986 onward. Farsouth responded that Machata no longer held any interest in the Corporation, based on the stock transfer to Peters. In reply, Machata sent another correspondence indicating that he “did not voluntarily sell, assign or transfer his 250 shares,” and called Farsouth's attention to its own financial records which reflect a $220,000 note payable to Machata. Machata also cautioned that if Farsouth failed to comply with his request, he would file suit for an accounting, as well as for fraud and conversion against the corporation and its officers and directors with respect to the purported stock transfer. Far-south reiterated that Machata had forfeited his entire interest in the corporation and demanded to see a copy of the note payable.
Machata filed suit against Peters and Farsouth seeking relief in eight separate counts: breach of contract, quantum meru-it, accounting, conversion, injunction, civil theft, fraud, and replevin. This appeal centers upon the breach of contract claim. In this count, Machata basically alleged that the stock was transferred only to the extent necessary to secure the airplane loan. He also alleged that with the exception of the nominal “up front” capital, his contributions were to be considered loans to the corporation and this indebtedness was apparent from Farsouth’s financial ledgers. Machata maintains that Peters and Far-south disavowed his interest in the corporation as both shareholder and loan obligee. By failing to pay and return Maehata’s funds to him in Indian River County, Ma-chata alleges that Peters and Farsouth have breached their agreement with him.
Peters and Farsouth filed a motion to dismiss the complaint based on improper venue or, in the alternative, transfer the action to Dade or Broward County. The motion was accompanied by the affidavit of Peters stating that Farsouth has its only office in Dade County, all of the parties’ negotiations took place in Dade or Broward County, all documents evidencing the parties’ negotiations were executed in Dade or Broward County, the forfeited stock is located in Dade County, and all present and former employees with personal knowledge of his negotiations with Machata reside in Dade or Broward County. The references contained in Farsouth’s ledger sheets constitute the only documented existence of a note payable to Machata.
There was no written contract between the parties. Machata contends that Peters and Farsouth agreed that the contributions of the shareholders would be treated as loans to the corporation, and that this debt is evidenced by the “note payable” entries in Farsouth’s ledger. The gravamen of Machata’s breach of contract claim is that appellants disavowed his interest in the corporation as shareholder and loan obligee. Thus, Machata has alleged that he is a *86 creditor of the corporation. This debt did not mature, however, until appellants committed the alleged conversion.
Machata is not asking for recovery of an already earned sum of money. The Mendez decision indicates that the Croker rule does not apply when the plaintiff's entitlement is unliquidated and subject to proof. Mendez, 191 So.2d at 482. There is no indication in Machata’s complaint that the debt is presently owing. “Venue questions require a close understanding of the salient facts and the pleader’s theories of law.” Id. An examination of the instant facts reveals that Machata had no claim to any funds until appellants repudiated Macha-ta’s interest in Farsouth. Machata indicated in his final letter to Farsouth that he would file suit for fraud and conversion. The alleged conversion, in Dade County, is the actual basis of the entire suit.
GLICKSTEIN, WARNER and POLEN, JJ., concur.