FRANK, Acting Chief Judge.
Gary Rea appeals from an order denying his motion to dismiss or in the alternative to transfer this proceeding from Pinellas County. We reverse with directions to transfer this cause to Polk County. See Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980). Our jurisdiction is conferred by Rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure.
James Roberto, Donald Fowler and Gary Rea formed Compactor-Baler Service, Inc. (CBS), to lease garbage compactors to customers in Polk, Hillsborough, Pinellas, Pasco, Manatee and Sarasota Counties. The founders held equal shares in CBS and until February 1992 operated it from Rea’s residence in Lakeland, Polk County, Florida. Rea’s home also served as CBS’s registered headquarters, but on February 5, 1992, Roberto and Fowler, who together owned two thirds of CBS stock, elected themselves the sole corporate officers and directors and moved CBS’s registered office to Pinellas County. Roberto and Fowler filed an action in Pinel-las County in the name of CBS to regain control and possession of its corporate assets, books and records. The suit also charged that Rea “may be” appropriating CBS receivables collected in Lakeland and that he converted to his personal use a boom and truck *489 owned by CBS. Rea moved to dismiss or transfer the action to Polk County. The trial court’s denial of that motion prompted this appeal.
We have examined the action filed in Pinellas County and have determined its objective to be (1) the recovery of certain property belonging to CBS and incidental damages for its wrongful detention, and (2) the recovery of money damages for the value of the boom and truck allegedly converted by Rea. CBS’s application for an injunction commanding Rea to return “all property belonging to [the corporation], including its books, records, personal property, accounts, funds, telephone, [and] telephone number” asserts an action in replevin. Thus, such an action must be commenced in the county where the property is located. See § 78.03, Fla.Stat. (1991); New Holland, Inc. v. Trunk, 511 So.2d 746 (Fla. 5th DCA 1987). Moreover, with regard to the count grounded in conversion, it is a long-standing principle in Florida that venue is appropriate in the county “where the act creating the right to bring an action occurred.” E.J. Sales & Service, Inc. v. Southeast First National Bank of Miami, 415 So.2d 906, 907 (Fla. 3d DCA 1982) (quoting Gaboury v. Flagler Hospital, Inc., 316 So.2d 642, 644 (Fla. 4th DCA 1975)); see § 47.051, Fla.Stat. (1991). Rea’s alleged malfeasance in appropriating the boom and truck for his beneficial use occurred in Polk County. It therefore follows that the circuit court in Polk County is the proper forum to entertain this proceeding.
We reject CBS’s argument that venue lies in Pinellas County because there are “possibly somewhere between 10 and 90 garbage compactors” leased to customers there. CBS neither seeks the recovery of nor alleges the conversion of a single compactor in Pinellas County but it has sought an accounting for and the return of any rents paid to Rea by Pinellas County customers. Of course, until final judgment issues in this matter, the amount of any funds Rea may have received belonging to CBS is subject to proof, but at this stage a debtor-creditor relationship does not exist between the parties. Thus the venue rules pertaining to suits to enforce payment on a debt are inapplicable. See Farsouth Jet Services, Inc. v. Machata, 568 So.2d 84 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 165 (Fla.1991); Clarke v. Cartee, 549 So.2d 722 (Fla. 1st DCA 1989).
The order denying the motion to dismiss or in the alternative to transfer is hereby reversed and vacated. On remand this cause shall be transferred to Polk County.
PATTERSON and ALTENBERND, JJ., concur.