COBB, Judge,
dissenting.
Minto Builders (Florida), Inc. was sued in Seminole County, Florida by Suncrete Corporation. Suncrete alleged that Minto failed to pay for construction work Suncrete performed in Broward County, Florida, the headquarters and principal place of business of Minto. Attached to the complaint was a copy of the contract between the two parties. That contract shows the address of Suncrete to be 2701 West 5th Street, Sanford, Florida.[1]
Minto filed a motion to transfer the case from Seminole to Broward County. In support of this motion Minto filed an affidavit from one of its officers, Gary Clement, which contains the assertion: “[T]he contract required plaintiff to submit its invoices for payment to Minto in Broward County, where payment was to be made.”
At the hearing on the venue motion before the trial judge the following colloquy occurred:
THE COURT: Isn’t payment enough? It is, isn’t it?
MR. JOBLOVE: We had an affidavit that said payment was going to be made in Broward County. That is undisputed. The case I supplied you, the Hughes Supply case, which is in our memo, says the Plaintiff, when he files his Complaint, can make general allegations about venue. They don’t need to be verified, but if the Defendant comes forward with an affidavit attesting to certain facts with respect to venue, then the burden shifts back to the Plaintiff to prove that venue’s appropriate here. Now, we’ve—
THE COURT: Now, you tell me how is payment to be made in Broward County when the Plaintiffs office isn’t in Broward County?
MR. JOBLOVE: Because they were down there working on the site, Your Hon- or. If you look at the contract, it says that all the invoices were to be supplied, invoices for payment were to be supplied at Minto’s headquarters in Broward County. The affidavit of Mr. Clement — -now, that’s the only proof, and proof is necessary in considering this motion, it was that payment was to be made in Broward County.
THE COURT: Show me one on the contract then.
MR. HUTCHISON: It’s not in the contract, Your Honor. The affidavit—
MR. JOBLOVE: It’s on—
MR. HUTCHINSON: —contradicts the terms of the contract.
MR. JOBLOVE: No. The contract doesn’t say anywhere that payment was to be made in Seminole County. But if you look at here, all invoices, this is schedule C to the contract, that all invoices would be submitted in Broward County. Then I have the affidavit of Mr. Clement, who said that payment was to be made in Broward County because these people were working down there....
⅜ ⅜ # ⅜ * ⅜
THE COURT: I’ve got a contract here where the address of the creditor is in Seminole County. The contract is silent as to the place of payment, so as a matter of law, the payment is suppose to be made in Seminole County.
Now, you have an affidavit that’s been filed that indicates that payment is to be made in Broward County, but that is outside the four corners of the contract that’s been entered into by the parties.
The trial judge was absolutely right. If the quoted line from the Clement affidavit is construed to mean that the contract expressly provides for payment to be made to Sun-crete in Broward County, then the affidavit is clearly perjurious — and properly ignored by *1358 the trial judge. If the quoted line from the Clement affidavit is construed to mean that the contract implies that payment is required to be made to Suncrete in Broward County, then the statement is merely a conclusion of law — and properly ignored by the trial judge.
Florida’s general venue statute, section 47.011, is applicable to this case. It allows the plaintiff to bring suit in the county where the cause of action accrued. It is well established that an action for the payment of money accrues in the county where payment is to be made; and, where a contract fails to provide a place for payment, the law implies that payment is to be made where the payee resides or has an established place of business. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934). This rule is based upon the concept that the debtor must seek the creditor, unless the contract provides otherwise. Croker 156 So. at 151. In the instant case, the contract did not expressly provide a place of payment and thus Minto was required to seek Suncrete where it resides. See Schecter v. Fishman, 525 So.2d 502 (Fla. 5th DCA 1988). The contract before the trial court indicated that Suncrete’s address was in Seminole County, and no contrary evidence was adduced before the trial court by Minto.
I would affirm.

. It can be judicially noticed that Sanford is the county seat of Seminole County, Florida.