The two questions to be decided are, whether the facts found amount to felony in point of law, and, if they do, whether they *Page 210 
(272) are set forth in the indictment in a sufficient manner to warrant the Court in pronouncing judgment against the prisoner.
1. The finding of the jury fixed upon the prisoner all the essential circumstances to constitute a felony, and excepts this case from the operation of the principle relied upon in his behalf. It not only comes within the reason of the exception to the general rule, but is one of the very cases put in the books to illustrate the rule and define its extent. The prisoner knew that the slave was runaway, and that he belonged to Murrell, and with this knowledge took him into his possession, and, in less than a month afterwards, sold him.
We lay no stress upon the jury having found that the taking was felonious, for we understand that the law is to be found upon the whole case, and that it is to be decided whether the jury have correctly drawn that inference.
The reason why felony cannot be permitted in taking treasure trove, waifs, or estray is that the owner is unknown; the first, becoming the property of the finder, if no owner appears; no property in the second vesting before seizure, nor in estrays until the expiration of the year from the time of appraisement, and in these it is always understood that the owner is unknown to the person who takes them up. The rule applies, also, to finding a purse in the highway, which a person takes and carries away. It is no felony, although the usual proofs of a felonious intent follow the act. "If one lose his goods and another find them, though he convert them animo furandi to his own use, yet it is no larceny, for the first taking is lawful." 3 Inst., 107. But in all these cases the person taking the property must really believe it to be lost, for if he do not, and take it with the intent to steal, he will not be excused by the pretext of finding; otherwise every felony would be so excused. This is expressly laid down in Hale and other writers. If a man's horse is grazing at large on his neighbor's ground, and it be taken with a felonious intent, the crime is complete. In short, this principle will be found to pervade all these cases, and ascertains every taking to be a felony if the intent be such, provided there was no reasonable cause for believing that (273) the thing was lost.
2. But judgment cannot be pronounced on this indictment, because it lays the negro as the property of John Murrell, deceased. The indictment speaks in the imperfect tense, and relates to 6 January, 1814, confining the stealing to that period. To whom did the property then
belong, which was thus stolen? The indictment answers, to John Murrell, deceased. This is the only way in which the charge itself can be understood, without interposing an advent of time present between the name and "deceased." We learn, indeed, from the special verdict *Page 211 
that Murrell did not die until the March following; but if the indictment be not legal and certain, in itself, it cannot be aided by the finding of the jury. And that it is defective, in this particular, seems almost too plain to require argument or authority. If the owner of goods be really unknown, it may be so stated in the indictment; but if it be proved on the trial who the owner is, no conviction can ensue upon such a charge. If the goods which belonged to a deceased person are stolen, they must be laid as the property of the executors or administrators, for on them the law casts the title.
Judgment arrested.
Cited: S. v. Jernagan, post, 504; S. v. Harden, 19 N.C. 417; S. v.Gallimore, 24 N.C. 377; S. v. Williams, 31 N.C. 145. *Page 212 
(274)