## HUGO *v.* THE STATE.

An indictment which alleges that the accused wrongfully and fraud-ently took from the person of another, therein named, an article of designated value, privately, without his knowledge, and with intent

to steal the same, sufficiently charges the offense of larceny from the person as defined in the Penal Code, § 175, although there be no allegation that such article was the property of him from whose possession it was so taken, or of some one else than the accused.

Submitted April 23,—Decided May 12, 1900.

Indictment for larceny from the person.    Before Judge Butt. Muscogee superior court.    November term, 1899.

*A. E. Thornton* and *G. Y. Tigner*, for plaintiff in error.
*S. P. Gilbert, solicitor-general,* contra.

Lewis, J.    The grand jury of Muscogee county indicted Hugo for the offense of larceny from the person, the indictment charging that the defendant on the 8th day of November in the year 1899, in the county aforesaid, did then and there unlawfully, wrongfully, and fraudulently take one solitaire diamond shirt-stud of the value of $200 from the person of Joseph Kyle, privately and without the knowledge of said Joseph Kyle, with intent to steal the same, contrary to the laws of said State, the good order, peace and dignity thereof."    It appears from the record that, after both parties had announced ready for trial, the defendant waived arraignment, and entered a plea of not guilty; whereupon a jury was empaneled to try the case, who, after the close of the evidence, argument of counsel, and charge of the court, returned a verdict of guilty, with recommendation to the mercy of the court.    During the same term of the court, after the return of the verdict, the accused, through his counsel, filed a motion to arrest the judgment, on the following grounds: Because there is no record upon which a conviction could be had against this defendant for the crime of larceny from the person.    Because this defendant is charged with larceny from the person, and the property alleged to have been stolen is one solitaire diamond shirt-stud of the value of two hundred dollars from the person of one Joseph Kyle; and there is no allegation or averment in said indictment that said solitaire diamond stud was the property of Joseph Kyle or the property of any other person.    This motion the judge overruled, to which judgment the accused excepts.

The Penal Code, § 929, declares: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical

and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." Section 175 declares: "Theft or larceny from the person, as distinguished from robbery, is the wrongful and fraudulent taking of money, goods, chattels, or effects, or any article of value, from the person of another, privately, without his knowledge, in any place whatever, with intent to steal the same." Comparing the allegations in this indictment with these sections of the Penal Code, it will be seen that the indictment charges the offense clearly in the terms and language of the Code as required by the statute. It will be noted that the section defining larceny from the person simply says it shall consist of "the wrongful and fraudulent taking of money, goods, chattels, or effects, or any article of value, from the person of another, privately, without his knowledge, with intent to steal the same." It does not specify that the subject-matter of this kind of larceny shall be the property of another, and there is nothing in the designation of the offense which implies the necessity of specifically alleging the ownership of the property stolen. In a charge of simple larceny such an allegation is essential in an indictment, for the reason that section 155 of the Penal Code, defining simple larceny, refers to it as "the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same." Hence the decisions of this court, declaring that a failure to charge ownership in cases of simple larceny makes the indictment fatally defective, can have no application to an indictment for larceny from the person. Any personal property, to be the subject-matter of simple larceny, must be shown to belong to another. The mere fact that one has seized and taken away personalty not belonging to him does not raise the presumption of larceny, for such property may not belong to any one, and if so, its seizure constitutes no crime in law. But the offense of larceny from the person consists simply in the wrongful and fraudulent taking of any article of value from the person of another, and when it is done privately, without his knowledge, and with intent to steal the same, the crime becomes complete. The presumption, of course, is that the party from whose

person it was taken is the owner, and the charge in the indict-
ment that the defendant took it fraudulently, and with intent to
steal the same, necessarily implies that he is not the owner, and
that he is taking property he knows does not belong to him.
Proof of such possession, and of such a taking, in the absence of
anything to the contrary, would make out a conclusive case of
ownership in the possessor, and of larceny by the taker.　We
think, therefore, that had there been a demurrer to the indict-
ment before pleading, on the ground of its failure to allege spe-
cifically ownership of the property stolen, it would not have been
good in law.　Certainly where one has pleaded that he is not
guilty of the charge alleged, and has been found guilty on the
issue of fact thus presented, he can not sustain a motion in arrest
of a judgment on account of such an omission in the charge in
the indictment, which, at most, under the law, could amount
only to a mere irregularity.

　*Judgment affirmed.　All concurring, except Fish, J., absent.*