## 5044.  HANSON *v.* THE STATE.

An indictment framed under section 163 of the Penal Code of 1910 need not allege ownership of the paper taken and carried away.

DECIDED AUGUST 30, 1913.

Indictment for felony; from Fulton superior court—Judge Roan. June 7, 1913.

*Green, Tilson & McKinney,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.

POTTLE, J.  The accused was convicted under an indictment charging a violation of section 163 of the Penal Code, which is as follows: "If any person shall take and carry away any paper, document, deed, will, or other writing relating to real or personal estate, with an intention to impair, prevent, or render difficult the establishment of a title to real or personal estate, or mutilate, cancel, burn, or otherwise destroy said paper, document, deed, will, or other writing, with the intention aforesaid, he shall be guilty of simple larceny, and be punished by imprisonment and labor in the penitentiary for not less than one year nor longer than three years." The indictment charged the wrongful and fraudulent taking and carrying away of a deed from J. B. Hanson to J. M. Casey, to certain real estate.  It averred also that Hanson obtained the deed from Casey upon false and fraudulent representations, for the alleged purpose of placing the deed in a safety-deposit box in a bank, which had been rented for Casey; and that the deed was never placed in the safety-deposit box, but was carried away and retained by the accused with the intention to impair, prevent, and render difficult the establishment of the title to the tract of land described in the deed.  The accused made a motion in arrest of judgment, upon the ground that the indictment failed to allege to whom the deed belonged.  The motion was overruled, and he excepted.

It is contended that since the section of the code under which the indictment was framed designates the offense as "simple larceny," and, as in an indictment for simple larceny it is necessary to allege ownership of the property, the indictment is fatally defective.  The question as to whether it is necessary to allege ownership depends not upon what the offense is designated, but upon the language of the statute.  It is not essential in every form of larceny

under the statutes of this State that ownership of the property taken shall be alleged in the indictment. For example, under section 172 of the Penal Code, larceny from the person is defined to be "the wrongful and fraudulent taking of money, goods, chattels, or effects, or any article of value, from the person of another, privately, without his knowledge, in any place whatever, with intent to steal the same." It has been held that under this statute it is not necessary to allege ownership of the property stolen. *Hugo* v. *State*, 110 *Ga.* 768 (36 S. E. 60). In that case it is pointed out by the court that in the code section defining "simple larceny" (Penal Code of 1910, § 152) the property is referred to as "the personal goods of another;" and hence it is said that an indictment under that section must allege that the goods taken belonged to some person and identify the owner, whereas, under the language of the statute defining larceny from the person, it is only necessary to allege that the property was taken from the person of another in the manner described in the statute; that proof of that person's possession of the property would raise a presumption of ownership, and, in the absence of anything to the contrary, the presumption would become conclusive. The gist of the offense defined in section 163 is the taking and carrying away of any paper described in that section, with intent to impair, prevent, or render difficult the establishment of "a title" to real or personal estate, or the destruction of such a paper with that intent. The deed described in the indictment bears on its face evidence of a title. It is not necessary to allege whose title, nor to whom the deed belonged, such allegations being merely matters of description, and not elements in the offense. The indictment alleges that the deed was taken from the possession of one Casey, with intention to impair, prevent, or render difficult the establishment of the title. It was taken from his possession and was presumptively his deed. It is immaterial, however, under the statute, whose deed it was; for if it was taken away from Casey with the intention to impair the title of anybody, an offense was committed under the statute.

This case differs from that of *Norfleet* v. *State*, 9 *Ga. App.* 853 (72 S. E. 447), the decision in which was reaffirmed in *Guyton* v. *State*, 12 *Ga. App.* 562 (77 S. E. 830). In those cases it was held that it is necessary to allege ownership in an indictment framed under sections 192 and 194 of the Penal Code, charging larceny

after a trust. The decisions were placed upon the construction given by the court of those sections, and particularly upon the language making it a necessary element of the crime that the property shall have been intrusted for the use or benefit of the owner or other person delivering it. It was held merely that where the violation of the trust is a failure to apply the property to the use and benefit of some person other than the person delivering it, the indictment must allege that the other is the owner of the property. Without deciding whether a demurrer would have been good, we hold that the motion in arrest of judgment was properly overruled.                    *Judgment affirmed.*