### 29899. LAWSON *et al. v.* THE STATE.

DECIDED FEBRUARY 12, 1943.

*Mozley & Combs,* for plaintiffs in error.
*H. G. Vandiviere, solicitor-general,* contra.

MACINTYRE, J. C. A. Lawson and Mrs. C. A. Lawson were charged with larceny from the person, the material part of the ac-

cusation being they did "wrongfully and fraudulently take [a designated sum of money] from the person of R. A. Eaton Sr., and the property of R. A. Eaton Sr., privately and without the knowledge of the said R. A. Eaton Sr., and with an intent to steal the same." The defendants contend that the evidence showed that R. A. Eaton was dead at the time the money was taken, or if he was not then dead he died within a few minutes after it was taken, and that the indictment was not returned until two months later. It has been said that there can be no property in a corpse. "Upon an indictment for stealing the property of R., it appeared that a person that made a will and appointed executors, who would not prove it, upon which R. took out letters of administration with the will annexed, but they were not dated until after the time when the felony was committed, and it was held that the property ought to have been laid in the ordinary, as letters of administration only had their operation from the time when they were granted, though the rights of an executor commence from the time of the death of the testator. Neither the ordinary, nor the executor, nor administrator, need show their title specially, it being founded on their own possession; in which case a general indictment lies without naming themselves ordinary, executor, or administrator. Where the deceased had lived in Gloucestershire, and left to go into Worcestershire, and was found dead in Worcestershire, and the property was taken from the body after death, Patterson, J., held that the property was rightly laid in the Bishop of Worcester as ordinary." 2 Russell on Crimes (7 ed.) 1293, 1294.

In the United States it is generally held that where there is no executor the ownership of the property should be laid in the administrator, if there be one, even though the theft occurred before the qualification or appointment. 36 C. J. 839, § 339. "Even where there is no will, the property of the deceased person is not derelict; but is regarded in law as the property of the administrator subsequently appointed, by relation from the time of the decease, so that taking it by anyone, animo furandi, is larceny." Smith v. Northampton Bank, 4 Cushing (Mass.), 1, 12.

In State v. Davis, 4 N. C. 271, it was held that an indictment was not good where it charged the property to be that of John Murrell, deceased, and it seemed that the owner of the property did not die until after the larceny, but it was stated in that case

that "if the indictment be not legal and certain, in itself, it can not be aided by the finding of the jury" as to when the person died. And it was stated in United States v. Mason, 2 Cranch (D. C.) 410: "A dead man can not be the owner of goods, it is not sufficient to state them to be the goods of one A. B., deceased." The court also in that case stated, "that a dead man could not have goods and chattels and that therefore the indictment could not be supported." In 12 Ency. Pleading and Practice, 971, it is said: "As a dead man can not have property in goods and chattels, it is held that an indictment laying the ownership in the deceased, as 'one A. B., deceased,' can not be supported, but ownership in such a case should be laid in the executor or administrator or in the person entitled to the immediate possession and control of the property." See in this connection 25 Cyc. 95.

In 2 Wharton on Criminal Evidence (11 ed.), 1879, § 1070, it is said: "To sustain an indictment for larceny or for similar offenses in which the gist and essence of the crime charged is the taking and carrying away of the personal goods of another without the consent of the owner, it is sufficient that the goods alleged to have been stolen are proven to be either the absolute or the special property of the alleged owner. . . The possession of the property stolen (actual possession) and the right to possession (constructive possession) have been held sufficient to sustain the allegations. . . Where, however, there is a total departure from the allegations of ownership of the goods stolen by proof which establishes the property interest on which the prosecution is based in a totally different person the variance is fatal and the prosecution must fail." See also Moyers v. State, 61 Ga. App. 324, 327 (6 S. E. 2d, 438).

In State of Georgia v. Woodley, 25 Ga. 235, it was held that an indictment for simple larceny which alleged the "stealing a buggy and harness, the property of the estate of Raleigh Hightower, deceased," was fatally defective in that it failed to charge any offense against the penal statutes of the State because the property was not alleged to be that of any person. Thus, in 2 Wharton on Criminal Procedure, 10th ed. 1239, § 875, it is said: "In those cases in which the property alleged to have been stolen belonged, during his lifetime, to a person who is dead at the time of the return of the indictment or presentment of the information, owner-

ship should be laid in the executor or administrator of such decedent, and not in the deceased, or his estate, in the absence of a statute forbidding this to be done." L. R. A. 1916E, 783, 785; 3 Bishop on Criminal Procedure, 1685, § 725. Thus we think under the general rule in larceny cases where, as in the instant case, the evidence authorized a finding either that the money was stolen from Eaton a few minutes before his death or a few minutes after his death, and the indictment was not found until two months thereafter, and the allegation in the indictment was that the property stolen was the property of Eaton, and the evidence showed that at the time of the finding of the indictment Eaton was dead, there was a fatal variance between the allegata and the probata for the reason stated in, United States v. Mason, supra, "that a dead man could not have goods and chattels, and that therefore the indictment could not be supported."

"In that case [*Hugo* v. *State,* 110 *Ga.* 768 (36 S. E. 60)], it is pointed out by the court that in the Code section defining 'simple larceny' [Code § 26-2602] the property is referred to as 'the personal goods of another;' and hence it is said that an indictment under that section must allege that the goods taken belonged to some person and identify the owner, whereas, under the language of the statute defining larceny from the person [Code § 26-2626], it is only necessary to allege that the property was taken from the person of another in the manner described in the statute; that proof of that person's possession of the property would raise a presumption of ownership, and, in the absence of anything to the contrary, the presumption would become conclusive." *Hanson* v. *State,* 13 *Ga. App.* 372 (79 S. E. 176). In the present case the indictment expressly alleged that the property stolen was the property of Eaton, and that it was stolen from the person of Eaton, but the evidence showed that Eaton was dead at the time of the finding of the indictment. A corpse is not a person, and if Eaton was dead at the time of the finding of the indictment the latter was not supported by the evidence. A corpse is not a person nor can a corpse own property. There was a material variance between the allegata and the probata, and the judge should have granted a new trial. 2 Wharton on Criminal Procedure, supra.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*