### 31103. McKEE v. THE STATE.

DECIDED MAY 10, 1946.

*H. O. Hubert Jr.,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.

BROYLES, C. J. The indictment in this case charged that the defendant, on December 19, 1944, did steal and carry away, with intent to steal the same, eleven dollars in money, of the value of eleven dollars, the personal property of Mrs. J. R. Grant Jr. The indictment was returned on January 5, 1945. The defendant was convicted of the offense charged, his motion for a new trial, consisting of the general grounds only, was overruled, and that judgment is assigned as error.

816

The evidence disclosed that the alleged owner of the stolen property died on December 26, 1944, and counsel for the accused contends in his brief that there was a fatal variance between the allegations of the indictment and the proof, because the indictment charged that the stolen property was the property of Mrs. Grant, and the evidence disclosed that she was dead when the indictment was returned, and that there can be no property in a corpse. And counsel cites *Lawson* v. *State,* 68 *Ga. App.* 830 (24 S. E. 2d, 326), in support of his contention.. This court certified the question to the Supreme Court, and that court, in an able and exhaustive opinion, held that there was no variance between the indictment and the proof, and, in effect, that the decision in *Lawson* v. *State,* supra, was error.

In view of the ruling of the Supreme Court, the decision in the *Lawson* case, upon a review thereof, is overruled; and we hold that in the instant case there was no variance between the indictment and the proof. The evidence amply authorized the verdict, and the denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*