PER CURIAM.
This is an interlocutory appeal by the defendant below from a partial summary judgment, on liability, in favor of the plaintiffs.
The facts, which were not in dispute, included the following: William Thompson, Sr., was the owner of an automobile. He was married and had three sons under 25 years of age who were old enough to be licensed to drive motor vehicles. Thompson, Sr., obtained an automobile liability insurance policy from the appellant, which included uninsured motorist coverage consistent with the requirements of § 627.0851 Fla.Stat., F.S.A. At the same time, in order to save approximately $100 on the premium, Thompson accepted an exclusionary endorsement which provided that the insurance applicable to the policy would not apply with respect to any claim arising from accidents which occurred while the insured automobile was being driven by one of Thompson’s sons, Peter, Paul or William, Jr.
Thereafter, while the automobile was being driven by William, Jr., a collision occurred, resulting in claims against an uninsured motorist. The company denied liability, and this suit was filed by Thompson and members of his family involved in *719 the accident to establish the coverage under the policy.
Both parties moved for summary judgment. The trial court denied the defendant insurer’s motion, granted the plaintiffs’ motion for summary judgment on liability and made provision for subsequent trial on damages.
The trial court held that the exclusionary endorsement referred to above was “invalid and unenforceable,” on authority of First National Insurance Co. of America v. Devine, Fla.App.1968, 211 So.2d 587. In our opinion the trial court was eminently correct in so holding.
Without the need to decide whether the endorsement would be effective to relieve the insurer of its indemnity obligation in event of a claim against the insured (arising out of an accident which occurred when one of the “excluded” sons was driving), we hold, as did the trial court, that the endorsement was ineffective to relieve the insurer of its obligation under the separate uninsured motorist coverage provided for in the policy. Section 627.0851 Fla. Stat., F.S.A., quoted in the Devine case, mandatorily provides as follows:
“No automobile liability insurance * * * shall be delivered or issued for delivery in this state * * * unless coverage is provided * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * *
In Devine the endorsement excluded coverage for persons under the age of 25 who were not members of the insured’s family. The appellant contends that represents a material distinction, rendering the Devine case inapplicable as authority here. We cannot agree. The exclusionary endorsement in the present case appears to be more repugnant to the statute than the endorsement in the Devine case. This is so because the exclusion is made to apply to accidents when the car is driven by certain persons who are members of the family of the insured. If, under such a policy, Thompson and members of his family would be entitled to recover from the insurer (up to the policy limit) an established claim against an uninsured motorist for injury or damage caused by the latter when one of the sons was not driving, this exclusionary endorsement, designed to relieve the insurer of all liability under the uninsured motorist coverage provision of the policy from an accident when one of the three sons was driving, would defeat the purpose and intent of the quoted statute to that extent.
Accordingly, the judgment is affirmed.