231 So.2d 201 (1970)
SOUTHEAST TITLE AND INSURANCE COMPANY, Petitioner,
v.
William THOMPSON, Jr., et al., Respondents.
No. 38867.
Supreme Court of Florida.
January 28, 1970.
*202 L. Norton Preddy, of Preddy, Haddad, Kutner & Hardy, Miami, for petitioner.
Arthur L. Rothenberg, of Caidin, Rothenberg, Kogan, Kornblum & Rothenberg, Miami, for respondents.
PER CURIAM.
The District Court of Appeal, Third District, certified to this Court that its decision in the instant case, reported at 224 So.2d 718,
"`[P]asses upon a question * * * of great public interest' as to whether, in an automobile liability insurance policy which includes uninsured motorist coverage, an indorsement relieving the insurer of liability from accidents occurring when the automobile is driven by any of the insured's three sons (under 25 years of age), is effective notwithstanding § 627.0851 F.S. to prevent recovery under the policy by persons otherwise insured thereunder for injuries or losses caused by an uninsured motorist in an accident which occurred when one of the sons was driving the insured automobile."
After careful consideration of the arguments, briefs and record presented in this cause, we have concluded that the dissenting opinion of the Honorable Judge Swann appearing at 224 So.2d 719-721 correctly interpreted the applicable law. Therefore, we adopt Judge Swann's opinion and submit it as the proper response to the certified question.
The decision of the District Court is reversed and this cause is remanded to that Court for disposition not inconsistent with our treatment of this cause.
It is so ordered.
DREW and CARLTON, JJ., SPECTOR, District Judge, and VANN, Circuit Judge, concur.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Justice (dissenting):
It appears to me the majority decision of the District Court is correct. It implements full statutory uninsured motorist coverage for any person or persons who may be injured or killed because of the negligence of an uninsured motorist if any such person is a named insured or is lawfully in an automobile of the named insured covered by automobile liability insurance containing uninsured motorist coverage.
Uninsured motorist coverage is akin to compulsory financial responsibility insurance inasmuch as all automobile liability insurers are required by statute to offer the described coverage to all potential purchasers of new automobile liability insurance *203 policies. F.S. Section 627.0851(1), F.S.A. It is obviously designed to promote the public welfare by providing financial assistance to certain identifiable groups of insurable persons involved in certain motor vehicle accidents. Such insurance as offered is required to provide at least the same minimum limits of coverage as the statute requires motorist to maintain in the form of automobile liability insurance when they come under the financial responsibility law. See F.S. Section 324.021(7), F.S.A.
The only difference between uninsured motorist coverage and automobile liability coverage secured to satisfy the financial responsibility law is that uninsured motorist coverage is restricted to named insureds and to persons lawfully occupying the particular motor vehicle or motor vehicles of the named insured or insureds in the primary automobile liability policy to which the uninsured motorist coverage is adjunct, and which motor vehicle or motor vehicles is involved in an accident through the negligence of an uninsured motorist. The obvious reason for the restriction of coverage to such persons is that the insured is not purchasing uninsured motorist automobile liability coverage for the public generally, as would be the case had the uninsured motorist purchased it for himself, but is purchasing it for the same group of persons (ordinarily the insured's family and others riding with him or to whom he entrusts his automobile) who would be covered had the uninsured motorist complied with the financial responsibility law by obtaining an automobile liability insurance policy and through his negligence had been involved in a motor vehicle accident resulting in injury or death to any of said insured's protected group of persons.
Section 627.0851(1), read in connection with F.S. Section 324.021(7), F.S.A., does not permit any reduction by any means in minimum uninsured motorist coverage. The limits thereunder as prescribed in Section 324.021(7) are ten thousand dollars because of bodily injury to or death of one person in any one accident, and twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident.
All decisions construing the statute (§ 627.0851(1), F.S.) prior to the instant case have held that the statutory limits of uninsured motorist coverage, similar to financial responsibility coverage, cannot be reduced in any particular by agreement of the insurer and insured although it may be totally rejected by the insured. See First National Insurance Co. of America v. DeVine (Fla.App. 1968), 211 So.2d 587; Butts v. State Farm Mutual Automobile Insurance Company (Fla.App. 1968), 207 So.2d 73; Forbes v. Allstate Insurance Company (Fla.App. 1968), 210 So.2d 244; Travelers Indemnity v. Powell (Fla.App. 1968), 206 So.2d 244; National Service Fire Insurance Company v. Mikell (Fla. App. 1968), 204 So.2d 343, and Sellers v. United States Fidelity & Guaranty Co. (Fla.), 185 So.2d 689.
Pursuant to Section 627.0851(1), any insured named in an automobile liability insurance policy may reject in toto the offered uninsured motorist coverage. But such named insured must reject the coverage altogether since the governing statute does not contemplate he can accept the offer partially and provide that only certain members of the class described above will be included in his uninsured motorist coverage, or otherwise reduce the coverage or its limits by negotiation.
The coverage according to Section 627.0851(1) is to be prefixed in the automobile liability insurance policy "in not less than the limits described in Section 324.021(7) * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *."
The persons protected by this insurance are those legally entitled to recover damages from an uninsured motorist who are injured or the personal representatives of *204 those who are killed in a motor vehicle accident caused by an uninsured motorist.
The obvious reason why uninsured motorist coverage is required by the statute to be the unreducible mutual equivalent of financial responsibility coverage for the benefit of named insureds and occupants of the motor vehicle of the named insured is to afford such named insureds and occupants the same in lieu protection reciprocally as if the uninsured motorist had himself secured automobile liability insurance in compliance with the financial responsibility law. If an uninsured motorist had in fact been insured under the financial responsibility law, his insurer would be liable for any damage he negligently inflicted up to ten thousand dollars because of injury or death of any one person in a motor vehicle accident, and similarly liable up to twenty thousand dollars for the injury or death of two or more persons.
Stated another way, if an insured with an automobile liability policy under financial responsibility negligently drives his car into an uninsured motorist's car, his insurer would be liable to the injured riders of the uninsured motorist's car to the extent of coverage of Section 324.021(7). Reciprocally, if an uninsured motorist negligently collides his car with said insured's car, the uninsured motorist coverage is the same for the injured riders in the insured's car as Section 324.021(7) provides.
When one secures automobile liability insurance in order to comply with the requirements of the financial responsibility law to cover members of the general public he may negligently injure or kill, he is not permitted to reduce the coverage below the statutory limits of Section 324.021(7). Similarly, when one takes advantage without rejection of uninsured motorist coverage offered to him pursuant to law in order to insure himself and occupants of his automobile as if he were in the shoes of the uninsured motorist, neither he nor his insurer is expected by any device to reduce in part similar benefits that would be provided if the uninsured motorist had complied with the financial responsibility law.
Uninsured motorist coverage is made standard and uniform throughout the state, both as to the persons covered and the amounts recoverable for any such persons' injury or death in an automobile accident caused by an uninsured motorist. This statutory standard coverage is not subject to variance, exclusion, or reduction by any endorsement or provision of the policy. Once it is conceded a reduction less than total rejection of the statutory coverage can be "negotiated" by the insurer and the insured, the reciprocal statutory financial responsibility uninsured motorist protection is subject to being whittled away in any inconsistent manner.
When we allow, as we do in this case, a deviation of the full coverage for the persons statutorily intended to be covered, by premium negotiation between insurer and insured, we go a long way in destroying the statutory objective. Under the statute, insurers are not supposed to vie with each other for automobile liability insurance business by "negotiating" a reduction of such coverage with insureds by excluding certain occupants of the insured's automobile from uninsured motorist coverage. This particular insurance is statutorily intended for the welfare and benefit of all occupants of the insured's automobile, as well as himself.
Heretofore, no reduction of coverage by "other insurance," "excess insurance," or by limiting the number of lawful occupants by reason of age or kinship to be covered in the insured's automobile or by any other means, has been permitted to reduce the monetary limits of uninsured motorist coverage provided by F.S. Section 324.021(7), F.S.A. See cases above cited.
When we sanction exclusion of any of the three sons of the insured in this case from uninsured motorist coverage, when the son is driving the insured's automobile, it can be and was in this case just as effective a reduction of the potential liability *205 of the insurer as if a monetary reduction of the ten thousand dollar and twenty thousand dollar limits of the coverage had been negotiated originally.
We should not overlook the fact uninsured motorist coverage is of statutory origin. It reciprocally provides the same protection for an insured and the lawful riders in his automobile from the negligence of an uninsured motorist as the insured, in his automobile liability insurance policy provides the public generally, including uninsured motorists. True, a purchaser of an automobile liability insurance policy can reject uninsured motorist coverage, but if he accepts it he does so to the full extent of the coverage prescribed in F.S. Section 324.021(7), F.S.A. And this section prescribes coverage up to the statutory limits for all such persons negligently injured in a statutorily defined motor accident. The statute does not intend there can be any partial rejection or whittling away of this reciprocal uninsured motorist coverage. If there can be such rejection or reduction in part of the statutory coverage, then the full extent of protection contemplated by the statute for the welfare of a specific group of persons who may be involved in a particular motor accident would be nullified.
Finally, I have serious doubts that the insured actually intended to exclude his sons from uninsured motorist coverage when driving his automobile, but included them when they are passengers; although he may have intended not to provide automobile liability insurance for the general public for injuries inflicted by any of his sons when driving his automobile. It is indeed strange that a father would not provide uninsured motorist coverage for any of his sons while driving his automobile, but provided it for them as passengers, since the additional premium he paid for complete uninsured motorist coverage was nominal.