Applications of **FLORIDA HEARSES & REMOVAL SERVICES, Inc.. and MARSHAL KIRCHIK.**

Docket Nos. 790602 - CCT and 790498 - CCT. Order No. 15663.

Florida Public Service Commission.

August 31, 1979.

John P. Bond, Coral Gables, for the applicants.

The following commissioners participated in the disposition of this matter — GERALD L. GUNTER, JOSEPH P. CRESSE, JOHN R. MARKS, III and WILLIAM T. MAYO.

BY THE COMMISSION.

The commission has reecntly received applications for certificates of public convenience and necessity to transport the bodies of deceased human beings on June 6, 1979, and July 17, 1979. Examination of the applications indicates that the transportation sought would not fall within the statutory exemption created by Section 323.29(7), Florida Statutes.

In this case, the transportation is not performed by funeral directors or ambulance operators but by independent contractors. Accordingly, the question arises as to whether the commission is statutorily empowered to regulate this type of transportation. It appears that this fundamental question has never been squarely put before the commission. Rather, it appears that applications in the past were routinely processed without raising this fundamental question.

The first point is that commission jurisdiction applies to transportation of "persons" or "property" for compensation. Since compensation does occur, this point turns on whether a dead body is a "person" or "property" or neither.

It seems clear beyond argument that a body cannot be a "person." Such is the law of Florida as repeatedly and very recently made clear by the Supreme Court of Florida in several cases arising under the wrongful death statute. In *Stokes v. Liberty Mutual Ins. Co.*, 213 So.2d 695 (Fla. 1968), the court held that no right of action for wrongful death resided in a stillborn fetus because without life, however brief, there was no "person" and therefore no cause of action for wrongful death existing in the stillborn child's personal representative. This holding has since been affirmed in *Stern v. Miller*, 348 So.2d 303, (Fla. 1977), followed in *Simon v. U. S.*, 438 F. Supp. 759 (USDC Fla. 1977) and most recently affirmed in *Duncan v. Flynn*, 358 So.2d 178 (Fla. 1978).

Extensive research also shows that from early common law times to the present a human body is not property in any accepted sense. As Blackstone put it in his commentaries on the common law over two centures ago —

> "An heir has property in the monuments and escutcheons of his ancestors, but none in their bodies or ashes."

Research has not disclosed a single American jurisdiction which holds differently. The question has arisen in a number of contexts, ranging from attempts to inject a property right in a body so as to invoke the due process clause to attempts to ascribe a property right in a body so as to form a basis for damages. or example, *In re: Wong Yung Quy*, 2 F. 624 (Cal. Circ. 1880) holds squarely at 641 —

> "There is no property in any just sense in the dead body of a human being."

*Lawson v. State*, 24 SE2d 326 (Ga.) and *Northeastern Coal Co. v. Pickelsimer*, 68 SW2d 760 (Ky.) hold similarly. Florida law is also quite clear in this regard. A line of cases beginning with *Dunahoo v. Bess*, 200 So. 541 (Fla. 1941), and *Kirksey v. Jernigan*, 45 So.2d 188 (Fla. 1950), makes clear that there is no property right in the ordinary sense, but rather only a right to possession of a dead body which resides in the next of kin. See also Fla. Jur., *Dead Bodies*, Sections 2, 11, 14 and 15. The distinction between property in the ordinary sense and a dead body is also made clear by the fact that one can dispose of property by will while living,

while a similar attempt to dispose of one's own body while living by testamentary provision may be quite unavailing. As Fla. Jur. puts it at *Dead Bodies*, Section 11 —

> ". . . in the absence of specific statutory authority a person has, at best, a very qualified assurance that the testamentary disposition that he makes of his own body will be fulfilled."

The fact that there is no property right in the ordinary sense but only a personal right to possession was made explicit in *Jackson v. Rupp*, 228 So.2d 916 (Fla. 4th DCA 1969), at 918 —

> "As the American society progressed and became more sophisticated, its courts have held there is a cause of action for an unauthorized autopsy. The basis for recovery is found in the personal right of the decedent's next of kin to bury the body rather than any property right in the body itself. 22 Am. Jur.2d, *Dead Bodies*, §5. An autopsy is said to be an interference with this right because the very act of dissecting a body prevents its burial in a proper manner. This personal right to bury a body falls on the person or persons who are in closest relationship to the deceased. 22 Am. Jur.2d, *Dead Bodies*, §7."

This case was upheld by the Supreme Court in *Jackson v. Rupp*, 238 So.2d 86 (Fla. 1970). Accordingly, it seems clear that a dead body is not property in any ordinary sense as a matter of Florida law.

Thus, it appears that the commission has no jurisdiction to regulate the transportation of dead bodies because they are neither "persons" nor "property."

Accordingly, it is ordered by the commission that the commission has no jurisdiction over the transportation of dead bodies.

It is further ordered that Docket Nos. 790498-CCT and 790602-CCT be and the same are closed, and for the filing fees to be refunded in each case.

It is further ordered that existing certificates and permits for transportation of dead bodies be and the same are cancelled.