Ms. Barbara Peregoy Director of Operations District Twelve Medical Examiner 1950 Arlington Street, Suite 103 Sarasota, Florida 34239
Dear Ms. Peregoy:
You ask substantially the following questions:
1. Do ss. 245.07 and 245.08, F.S., set forth a specific length of time in which a body must be claimed before a county may direct that it be buried?
2. Do ss. 245.07 and 245.08, F.S., prohibit the county from releasing the body of a decedent to a relative when closer relatives may exist but have not claimed the body?
In sum:
1. Sections 245.07 and 245.08, F.S., do not specify a set period of time in which a body must be claimed.
2. Sections 245.07 and 245.08, F.S., do not expressly prohibit a county from releasing a body to a relative when closer relatives have been contacted by the county but have not claimed the body.
Section 245.06, F.S., requires any person who comes into the possession or control of a dead human body which is unclaimed or required to be buried at public expense to immediately notify the Division of Universities of the Department of Education (division), or its designee, regarding the availability of the body for the purposes of medical science.[1] Fingerprints of the
decedent are required to be taken and sent to the Federal Bureau of Investigation in Washington, D.C., with a copy retained by the division. The statute further provides that the division make a reasonable effort to identify the body and contact any relatives of the deceased person. These provisions, however, are subject to the rights of the coroner to hold the dead body for the purpose of investigating the cause of death and the rights of a court of competent jurisdiction to enter an order affecting the disposition of the body.
Pursuant to s. 245.07, F.S., bodies received by the division must be retained in receiving vaults for "a period of not less than 48 hours before allowing their use for medical science . . . ." The statute, thus, imposes a retention period of 48 hours for bodies accepted by the division before the bodies may be used for medical science. If, however, the body cannot be used for medical science,
the division may notify, in writing, the county commissioners of the county where such person died, who shall direct some person to take charge of such body and cause it to be buried or cremated in accordance with the already existing rules, laws and practices for disposing of such unclaimed bodies within the confines of said county.[2]
Prior to having the body cremated or buried, the county is required to make a "reasonable effort" to determine the identity of the body and to contact any relatives of the deceased person. If a relative of the decedent expresses a preference for either burial or cremation, s. 245.07, F.S., provides that the county shall make a reasonable effort to accommodate such a request.
While the division must be given notice of death in all cases of indigent persons, s. 245.08(1), F.S., provides that the decedent's body is not to be delivered to the division:
(a) If any relative, by blood or marriage, claims the body for burial at the expense of such relative, but the body shall be surrendered to the claimant for interment.
(b) If any friend or any representative of a fraternal society of which the deceased was a member, or a representative of any charitable or religious organization, or a governmental agency which was providing residential care to the indigent person at the time of his death claims the body for burial at his, its, or their expense.[3]
(c) If the deceased person was an honorably discharged member of the Armed Forces of the United States or the state who served during a period of wartime service as defined in s. 1.01(15) [sic];[4] but such body shall be buried in accordance with the provisions of the existing laws.
Moreover, even if a body has been delivered to the division, it may be claimed by and surrendered to a friend or a representative of any charitable or religious organization after payment to the division for the expenses incurred in obtaining and handling the body.[5]
Question One
You state that there has been an increase in the number of unclaimed bodies which are ultimately turned over to the county for disposition. According to your letter, there are frequently problems in locating and obtaining releases from the decedent's family; many times these families do not have the means of providing a burial, so a county burial is carried out. You ask whether there is a specified reasonable length of time in which a body must be claimed before the county may direct that it be buried.
As discussed above, s. 245.07, F.S., requires that prior to burial or cremation of a body by the county, the county must make a "reasonable" effort to contact the decedent's next of kin.
The fact that there may be problems associated with locating the decedent's next of kin would not appear to relieve the county of such a statutory requirement. The term "reasonable," however, is a variable term and would appear to depend upon the circumstances of each case. The term generally connotes action according to the dictates of reason, such as is just, fair, and suitable in the circumstances. When employed to describe the means which are used to achieve a legitimate end it suggests not necessarily the best or only method, but one fairly appropriate, at least under all the circumstances, and when used in connection with legislative measures it signifies such measures as are fit and appropriate to the end in view. It has been said that conduct is reasonable if it is consistent with that of the prudent man in like circumstances.[6]
In the absence of legislative or judicial clarification, this office can only refer to the terms of the statute which require the county to make a fair and just effort to locate the decedent's next of kin. It should be recognized, however, that the statute does not prohibit the county from disposing of the body until it can locate the next of kin and receive their consent but rather only requires the county to take reasonable steps to attempt to notify such relatives.
This provision was added in 1991 by the Florida Legislature.[7]
While an examination of the legislative history surrounding the adoption of this provision does not indicate what the Legislature considered to constitute "reasonable" efforts, the staff analysis states that prior to the statute's amendment, many counties and municipalities made no provision for "paupers fields" and insufficiently budgeted for the costs of burial: "Consequently, these bodies are sometimes kept for significant amounts of time by the district Medical Examiner or in local funeral homes."[8] The bill sought to remedy this situation by allowing for cremation as an alternative to burial. The committee substitute for the bill, however, also sought to address "the need for the county to make reasonable efforts to identify these bodies and contact relatives to determine if there is any preference for either burial or cremation and to consider any preference."[9]
Accordingly, ss. 245.07 and 245.08, F.S., do not set forth a specific period of time in which a body must be claimed before the county may direct that it be buried; rather the statutes contemplate that reasonable steps be taken to contact the next of kin regarding disposition of the body. In light of the standard of reasonableness generally imposed by the statute, the next of kin should be afforded a reasonable time to claim the body after receiving notification. While the issue of what constitutes a reasonable time is dependent upon the attendant circumstances of each case, it may be advisable to develop guidelines or procedures articulating what generally will be considered by the county to constitute a "reasonable" time for the next of kin to claim a body.[10]
Question Two
You also ask whether a priority of consent list is adequate to "release the Medical Examiner from any liability for the release of dead bodies." As noted in the previous question, the determination as to what constitutes reasonable efforts is dependent upon the particular circumstances of each case. This office cannot, therefore, render an opinion which would insulate the Medical Examiner from any liability for the release of dead bodies. The issue of liability would have to be determined upon the particular facts and thus presents a mixed question of law and fact which this office cannot resolve.[11]
Sections 245.07 and 245.08, F.S., however, only require that reasonable steps be taken to contact the next of kin. Where the county has taken such steps to contact the decedent's closest relatives and such relatives fail to claim the body, the county would not appear to be precluded from releasing the body to more distant relatives who do claim the body.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, AGO 91-33, noting that the division has delegated its duties and responsibilities under Ch. 245 to the State Anatomical Board.
[2] Section 245.07, F.S.
[3] Section 245.08(2), F.S., provides that when the Department of Health and Rehabilitative Services claims the body of a client according to s. 245.08, F.S., the department shall assess fees for burial pursuant to s. 402.33, F.S.
[4] Section 1.01(14), F.S., defines the term "veteran" and sets forth the periods of wartime service.
[5] Section 245.09, F.S.
[6] 75 C.J.S. Reasonable p. 635.
[7] Committee Substitute for HB 689, enacted as Ch. 91-168, Laws of Florida.
[8] Final Bill Analysis Economic Impact Statement on CS/HB 689, Florida House of Representatives Committee on Health and Rehabilitative Services, dated May 2, 1991.
[9] Id.
[10] I note that in the material accompanying your request is a copy of a notice stating that "[a]ny next of kin, friend, or other party permitted by law to claim the body of the decedent is hereby notified to make such claim in writing within thirty (30) days of the date of this notice . . . ." Such a provision would appear to be consistent with state law.
[11] See, this office's Statement Concerning Attorney General Opinions, 1992 Annual Report of the Attorney General, ix-xi, stating that Attorney General Opinions are intended to address only questions of law, not questions of fact, mixed questions of fact and law, or questions of executive, legislative or administrative policy. See generally, The Restatement of Torts s. 868 (1979), which provides that one who intentionally, recklessly, or negligently removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to a member of the family who is entitled to the disposition of the body. The personal right to bury a body generally falls upon the person who is in the closest relationship to the deceased. See, Jackson v. Rupp, 228 So.2d 916
(4 D.C.A. Fla., 1969), writ discharged, 238 So.2d 86 (Fla. 1970).